Julian A. Hertz, J.
The defendant is before the court in response to a universal summons issued on December 13, 1970, charging him with operating a vehicle without insurance, as required by section 319 of the Vehicle and Traffic Law.
The summons was returnable on December 31, 1970; however, the reverse side of the process indicates that no appearance was made until September .6, 1974, when the defendant entered a plea of not guilty. Some interim dates were set, and a nonjury trial was finally held on October 17, 1975.
As-is frequently the case with Vehicle and Traffic violations, substantial time elapsed between the issuance of process and the trial. The People’s witness was unable to remember all of the facts. The police officer who had issued the citation was able to identify only the original filed summons which he had signed and issued; he was unable, at this juncture, to identify the defendant, presently before the court as the party to whom he had issued the citation some five years ago.
At the close of the People’s case, the defendant moved to dismiss the complaint for failure to state a prima facie case, and the court reserved decision. Thereafter, defendant testified on his own behalf to the effect that he had purchased the vehicle operated at the time and place mentioned in the ticket. He asserted that the purchase was made subject to inspection, and that when he learned that it would not pass the New York State inspection he unsuccessfully attempted to return it to the vendor. The defendant claimed that not only did he lose the $600 purchase price but that finally he gave the vehicle away. At the close of the defense presentation, the defendant renewed his application for dismissal. Once again, the court reserved decision.
Section 319 of the Vehicle and Traffic Law provides: "1. Any owner of a motor vehicle registered in this state, or an unregistered motor vehicle, who shall operate such motor vehicle or permit it to be operated in this state without having in full force and effect the financial security required by the *210 provisions of this chapter * * * shall be guilty of a misdemeanor”.
Thus, defendant’s excuse for his failure to insure the vehicle, ownership of which he admitted, is no defense to the charge at bar. There is no doubt that it was the intent of section 319 of the Vehicle and Traffic Law to include precisely this situation, and the statutory language clearly indicates that insurance or financial security is required with respect to any motor vehicle which is operated, whether registered or unregistered. Thus, it is defendant’s attempted defense which appears to complete the People’s otherwise deficient case.
Consequently, the court is faced with the issue of deciding whether the defendant’s presentation can be used to bolster the prosecution, or must the court on the motion to dismiss view the evidence as adduced at the completion of the People’s case. The court notes that this problem confronts Judges in summons parts on a daily basis and that it has been the practice of some to accept defense testimony prior to ruling on the motion to dismiss. This opinion is offered as a guide to what should be done in such instances.
The fact is that the failure of the police officer, the People’s only witness, to identify this defendant as the person charged in the complaint, entitled the defendant to an order granting his motion to dismiss at the conclusion of the People’s case (CPL 290.10, subd 1). It is an ancient inflexible rule of all criminal prosecutions that the defendant is presumed innocent and that the People have the burden of proving the defendant’s guilt prima facie (People v Radzinski, 24 Misc 2d 109; People v Matthews, 4 Misc 2d 278). In other words, if the trial was to end at the close of the People’s case, there must be no legal impediment to a judgment of conviction. In this case, part of that burden required a connection between the process and the particular defendant. The officer’s testimony, as previously stated, standing alone, was insufficient to warrant a finding of guilt. To permit the defendant’s testimony to provide the missing link is to deny him the benefit of a ruling on the law to which he was otherwise entitled. When the prosecution faltered, at the close of its case, the court is required to terminate the proceedings based on the deficient state of the evidence. To convict, it would have been necessary to allow the defendant’s testimony to provide an incriminating link. Notwithstanding the temptation to hear the full story in pursuit of the truth, that procedure would relieve the People *211 of the burden of proof which, as an elementary proposition, rests with them. Of course, if the defendant elected to remain silent and present no evidence, there would be no question that the court would have been compelled to dismiss the complaint because the defendant had not been identified as the responsible party.
Thus, the vice of postponing dismissal in order to await the testimony, if any, of the accused, has the potential of undermining the very foundations of our jurisprudence. This practice should be avoided. Defendants in summons parts frequently proceed to trial without the assistance of counsel; and so it is essential that the court protect their fundamental rights. When a motion to dismiss is made at the conclusion of the People’s case, the court should render a decision promptly before accepting any evidence from the defendant. To do otherwise may result in an impermissible shift in the burden of proof (Mullaney v Wilbur, 421 US 684; People v Schwartz, NYLJ, Nov. 19, 1975, p 10, col 3).
Accordingly the motion to dismiss at the close of the People’s case is now granted and the complaint is dismissed.