Alfred M. Lama, J.
In this case, the defendant was charged with the uninsured operation of a motor vehicle. The only evidence on this point was the officer’s testimony that the defendant operator failed to produce the insurance card when requested.
In order to establish that a nonowner operator is guilty of uninsured operation of a motor vehicle, it must be established both that the vehicle is uninsured and that the operator was aware of that fact (Vehicle and Traffic Law, § 319, subd 1). The burden of proving both lack of insurance and knowledge is upon the People (People v Silver, NYLJ, Jan. 29, 1976, p 38, col 4; contra People ex rel. Van Kluyve v Omstadter, 213 NYS2d 882).
The People are aided in the presentation of their case by a presumption of uninsurance from the evidence of a failure to produce a valid insurance identification card upon request (Vehicle and Traffic Law, § 319, subd 3). However, this presumption goes only to the element of lack of insurance and not to knowledge upon the part of the nonowner operator.
To create a presumption of knowledge of uninsurance on a nonowner operator who fails to produce an insurance identification card, this court would have to read into the statute a requirement that each operator inquire of the owner concerning insurance, and ask for the insurance card before he operates the vehicle. While the Legislature could have imposed such an obligation, it has not done so and this court is reluctant to do so in the light of judicial precedent (see People v Shapiro, 4 NY2d 597).
However, since the defendant rested after the People’s case without producing any evidence, if it were not for the foregoing interpretation of section 319 of the Vehicle and Traffic Law, this court would have found the defendant guilty after trial.
Accordingly, the simplified traffic information is dismissed.