OPINION OF THE COURT
James E. Morris, J.
The defendant is charged with operating a motor vehicle without insurance, a misdemeanor in violation of section 319 of the Vehicle and Traffic Law.
Upon stopping the defendant, Brighton Police Department Officer Kirstein called over his radio to the dispatcher the license plate number on the vehicle. The dispatcher ran a teletype and received a message that the owner of the vehicle was the defendant. The defendant failed to produce FS-20, proof of insurance card, and was charged accordingly.
At the time of the trial, the People introduced the report of the teletype message as the basis of ownership for the automobile. The defendant did not produce the registration, but the officer was satisfied that the teletype message was sufficient to *847 show ownership. No admission or statement was made by defendant as to the ownership or failure to have insurance.
The statute requires that the People prove three elements beyond a reasonable doubt in order to convict the defendant. First, they must show that the automobile was operating upon a public highway. Second, a showing must be made that there was no insurance covering the automobile, and third, that either the operator was the owner or if not the owner, he had actual knowledge of the lack of insurance.
There is no question that the automobile was being driven on a public highway. As to the second point, failure to present an FS-20, being an insurance identification card, this raises a presumption of lack of insurance (Vehicle and Traffic Law, § 319, subd 3). This presumption, however, goes only to the element of lack of insurance and not to the knowledge upon the part of the nonowner operator. (People v Simmons, 90 Misc 2d 143.) The People must therefore prove knowledge or ownership as the third element.
There is no proof of knowledge, as no admission exists. The People must therefore prove ownership beyond a reasonable doubt.
In the absence of an actual registration being presented, the People rely on an uncertified teletype message citing CPLR 4518 (subd [c]). Inasmuch as the ownership in this case is a critical element to convict a person for a crime, it is incumbent upon the People to produce fully reliable evidence. Teletype messages are known for their lack of reliability as to timeliness in dealing with information amassed by the Department of Motor Vehicles’ network. In this case, therefore, to have met the burden of proof beyond a reasonable doubt, proof of ownership must have been proven by a certification of records as existed in the Department of Motor Vehicles on the date of the violation.
The arresting officer did have reasonable cause to believe that a crime was being committed and therefore properly made the arrest (CPL 70.10, subd 2). At the time of trial, however, the People must produce proof which is legally sufficient in which is established beyond a reasonable doubt every element of defense and defendant’s commission thereof (CPL 70.20).
The People’s failure to prove the third element beyond a reasonable doubt results in a finding of not guilty.