▪ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

DENNIS B. MCCARTHY, Respondent.—Order unanimously reversed on the law and facts, motion denied and indictment reinstated. Memorandum: After a hearing, County Court dismissed the indictment charging defendant with driving while intoxicated. The court wrote that the arresting officer stopped defendant's car for an equipment violation at 3:00 A.M. and, other than that, there was no evidence of any moving violation. Without making any other findings, the court concluded, "On these facts we find there was no probable cause to require the defendant to exit his vehicle, retire to the back of the police vehicle and submit to a roadside sensor test." The arresting officer was the only witness who testified at the hearing. His testimony reveals that, after stopping the car, he talked to defendant, who was sitting in his car, and noticed that defendant's eyes were bloodshot, that his speech was slurred, and that there was a strong odor of alcohol coming from the car. Based on those facts, we conclude that the officer had probable cause to believe that defendant had been driving his automobile while at least his ability was impaired by the consumption of alcohol (Vehicle and Traffic Law § 1192 [1]). The fact that the stop was based only on the officer's observation of an equipment violation does not preclude a finding that, after the lawful stop, the officer had reason to believe that defendant was guilty of driving while intoxicated or, at least, driving while his ability had been impaired by the consumption of alcohol. (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.