OPINION OF THE COURT
Herman H. Tietjen, J.
Defendant was arrested on the westerly end of the Kingston-Rhinecliff Bridge just east of the toll plaza and charged with a violation of Vehicle and Traffic Law § 1192 (4) (driving while ability impaired — drugs) and Vehicle and Traffic Law § 402 (4) (improper plates). The uniform traffic summons was made returnable in the Town of Rhinebeck Justice Court. Defendant seeks to dismiss the charges on two grounds: first, that the Town of Rhinebeck Justice Court does not have jurisdiction over an arrest that took place in the Town of Ulster, Ulster County, and second, the officers lacked probable cause to make the arrest. This court finds that it has both jurisdiction over the subject matter and sufficient probable cause was shown to support the arrest.
Defendant was driving his vehicle in an easterly direction on the Kingston-Rhinecliff Bridge. He had just exited the toll plaza which is located on the westerly terminus of the bridge in the Town of Ulster, Ulster County. Defendant was stopped because he had noncommercial license plates on a commercial vehicle. When one of the officer’s approached the vehicle he noticed an odor emanating that he identified, based upon his training, as marihuana. The second officer was asked to confirm this conclusion and agreed with the first officer. The defendant was then asked to exit the vehicle, provide identification and the second officer conducted four field tests, namely —the alphabet test, the raised leg test, heel to toe straight line test and horizontal gaze nistogis test. Based upon these tests the senior officer determined that defendant was operating a vehicle in violation of Vehicle and Traffic Law § 1192 (4). A hearing was held to determine the issues presented by the defense.
Defendant alleges that this court lacks territorial jurisdiction over the offense since the arrest took place on the westerly terminus of the Kingston-Rhinecliff Bridge. As a general proposition, defendant would be correct but for certain statutes. One must first consider CPL 20.40 (4) (e): "An offense committed upon any bridge or in any tunnel having terminals in different counties may be prosecuted in any terminal county.”
*666 Defendant argues that the location of the arrest was not on the bridge itself, but on the terra firma approach to the bridge before one reaches the westerly abutment. The CPL does not provide a definition of a bridge and thus one must look elsewhere for a definition of what a bridge is or comprises.
Highway Law § 230 (1) which applies to the management and inspection of highway bridges defines one as " 'Bridge’ means a structure including supports erected over a depression or an obstruction such as water, highway, or railway, having a track or passageway for carrying traffic or other moving loads and having an opening measured along the center of the track or roadway of more than twenty feet between under croppings of abutments or spring lines or arches, or extreme ends of openings for multiple boxes and may include multiple pipes where the clear distance between openings is less than half of the smaller contiguous opening. The term bridge, as defined in this section, shall also include the approaches.” The definition therefore suggests that the roadway leading up to a bridge and not just the physical bridge itself is encompassed within the term bridge.
More specifically, a corollary definition is found in Public Authorities Law § 526. Public Authorities Law § 526 (9) states: "The term 'bridges’ shall be deemed to mean collectively Mid-Hudson bridge, Rip Van Winkle bridge, Bear Mountain bridge, Kingston-Rhinecliff bridge, both spans of the New-burgh-Beacon bridge, and incidental roads, approaches, structures and facilities”. Under Public Authorities Law § 528 (14) the bridge authority has power to permit its patrolman to operate and issue criminal processes within any city, town, village in which any part of a bridge property operated by the authority may be located.
The arrest in question took place on the westerly terra firma portion of the Kingston-Rhinecliff Bridge. It was on an approach to that bridge since it was located directly to the east of the toll plaza, even though it was not on the superstructure itself. Thus under CPL 20.40 (4) (e) the arresting officers have the discretion to prosecute this case in either the Town Court of the Town of Ulster (westerly terminus township) or the Town Court of the Town of Rhinebeck (easterly terminus township) and both towns have concurrent jurisdiction of offenses committed on the Kingston-Rhinecliff Bridge or its approaches.
In respect to the several objections presented, the defen *667 dant’s apparent failure to have the correct plates on his vehicle gave the police officers a reasonable suspicion that a violation of the Vehicle and Traffic Law was taking place (see, People v Chilton, 69 NY2d 928 [1987]). Upon approaching the vehicle one of the officers reported smelling the odor of marihuana emanating from the cab. The senior officer conducted four field tests generally associated with developing probable cause to make an arrest under Vehicle and Traffic Law § 1192. He testified that the defendant failed all or portions of several of these tests, that the defendant displayed several of the traditional signs of impairment, namely, slow speech, blood shot eyes as well as the odor of marihuana. In addition, the defendant admitted to the officer that he had a "joint” before entering the bridge toll plaza. Thus, sufficient probable cause was established to warrant the officer arresting defendant for violation of Vehicle and Traffic Law § 1192 (4) (see, People v McCarthy, 135 AD2d 1113 [4th Dept 1987]).
The court determines, for the reasons stated, that it has jurisdiction over the offenses and that probable cause for the making of the arrest has been shown.