■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ABNEY, JR., Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following Memorandum: The People concede that the evidence at trial was insufficient to establish that defendant, as a nonowner operator of the vehicle, knew that there was not proper insurance on the car. Since it was incumbent upon the prosecution, as part of its case, to prove knowledge of facts on the part of the accused sufficient to " 'constitute the act or omission' " *(People v Shapiro,* 4 NY2d 597, 600), defendant's conviction, under count seven of the indictment, for operation of an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]) must be reversed, the sentence imposed thereon vacated and that count of the indictment dismissed.

Supreme Court erred in sentencing defendant to concurrent terms of incarceration and a $500 fine on *each* of his convictions for driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). Because defendant's operation of a motor vehicle occurred on June 9, 1989, prior to the amendment of Penal Law § 80.15 (effective July 30, 1990), the imposition of the fines on each offense was contrary to the effective provisions. Thus, we modify defendant's sentence by vacating the fine imposed for aggravated unlicensed operation of a motor vehicle *(see, People v Magistro,* 156 AD2d 1029, 1030; *People v Bakos,* 149 AD2d 906, *lv denied* 74 NY2d 844; *People v Williams,* 145 AD2d 994; *People v Grader,* 142 AD2d 997).

We have reviewed the other issues raised on appeal and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Aggravated Unlicensed Operation of Motor Vehicle, 1st Degree.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.