■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL A. COLON, Appellant. [608 NYS2d 553] —Cardona, P. J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 18, 1992, which resentenced defendant following his conviction of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, and the traffic offense of failure to keep right.

On January 4, 1991, defendant was convicted and sentenced, in absentia, to a prison term of 1⅓ to 4 years and a $3,000 fine for each of two counts of driving while intoxicated, 1⅓ to 4 years with no fine for aggravated unlicensed operation of a motor vehicle in the first degree, and 15 days for failure to keep right. County Court directed that all sentences were to run concurrently. Defendant took an appeal to this Court and we modified defendant's judgment of conviction by reversing one of his two convictions for driving while intoxicated (Vehicle and Traffic Law former § 1192 [2]) and remitted to County Court for further proceedings (180 AD2d 876).

At his resentencing on March 18, 1992, defendant was resentenced to 1⅓ to 4 years with a $3,000 fine for the remaining driving while intoxicated conviction, 1⅓ to 4 years with a $3,000 fine for aggravated unlicensed operation of a motor vehicle in the first degree and 15 days for failure to keep right. Once again, County Court directed that all sentences were to run concurrently.

On this appeal, defendant contends that County Court failed to order the required update of his original December 1990 presentence report for the resentencing (see, People v Halaby, 77 AD2d 717, 718) and that the second fine should be eliminated pursuant to Penal Law former § 80.15. By failing to make an appropriate objection at the resentencing or a motion to vacate the resentence, defendant has failed to preserve his first claim for appellate review (see, People v Schneider, 188 AD2d 754, 757, lv denied 81 NY2d 892; People v Walworth, 167 AD2d 622; People v Dowdell, 72 AD2d 622).

Addressing defendant's second contention, we agree that County Court erred in imposing a $3,000 fine on both the conviction for driving while intoxicated (Vehicle and Traffic Law former § 1192 [3]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) for a total assessment of $6,000, as that sentence was illegal under Penal Law former § 80.15,* which was effective on September 5, 1987 when defendant operated a motor vehicle (see, People v Dugan, 188 AD2d 927, 929, lv denied 81 NY2d 839; People v Abney, 176 AD2d 1193, lv denied 79 NY2d 823). Accordingly, we modify defendant's sentence by vacating

---

* Penal Law former § 80.15 provided that "[w]here a person is convicted of two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted * * * a material element of the other, and the court imposes a sentence of imprisonment or a fine or both for one of the offenses, a fine shall not be imposed for the other".

the fine imposed for aggravated unlicensed operation of a motor vehicle in the first degree *(see, People v Abney, supra).*

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed a fine for aggravated unlicensed operation of a motor vehicle in the first degree, and, as so modified, affirmed.