■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN SEARS, Appellant. [619 NYS2d 210] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), entered May 24, 1993, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant entered a negotiated plea to robbery in the first degree and was sentenced in accordance with the plea bargain to a prison term of 2 to 6 years. Defendant now contends that the sentence is illegal and must be vacated due to County Court's failure to have an updated presentence investigation report, which would have revealed defendant's tuberculosis infection. Defendant claims that the report used by the court at sentencing was four years old.

Contrary to that claim, County Court was in receipt of defendant's May 17, 1993 updated presentence report. Although this latest report did not contain information regarding defendant's tuberculosis infection, the court was apprised of such condition by defendant and defense counsel. Except to inform the court of defendant's condition, no other information, such as medical records or reports, was provided to the court. Furthermore, defendant was uncooperative with respect to his condition and he refused to elaborate or specify its symptoms or his complaints. Defendant did not claim that his condition would interfere with the imposition of his negotiated sentence or request any special consideration with respect to his condition. The issue was, therefore, not preserved for our review (see, People v Colon, 202 AD2d 710, lv denied 83 NY2d 870). More importantly, County Court's failure to obtain an updated presentence investigation does not mandate reversal where, as here, defendant received the most lenient sentence possible (see, People v Navarro, 91 AD2d 618). On the record, defendant failed to demonstrate any valid reason for the court to order a physical examination of him (see, CPL 390.20 [1]).

Cardona, P. J., White and Peters, JJ., concur. Ordered that the judgment is affirmed.