◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COVINGTON, Appellant. [619 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 1, 1993, convicting him of robbery in the first degree (six counts) and robbery in the second degree (five counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the

witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

We reject the defendant's contention that a police report containing a composite description of the perpetrator not attributable to any specific witness should have been admitted into evidence as a prior inconsistent statement. The report was properly excluded as hearsay (see, People v Johnson, 122 AD2d 812). Further, although we agree with the defendant's contention that the court erred in preventing him from calling the officer who drafted the report (see, Chambers v Mississippi, 410 US 284), in light of the overwhelming proof of guilt in this case, we decline to reverse the judgment of conviction on this ground (see, People v Crimmins, 36 NY2d 230, 241-242).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.