■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN HAWKINS, Appellant. [628 NYS2d 728] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered October 19, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should not be disturbed unless clearly unsupported by the record *(see, People v Covington,* 209 AD2d 713; *People v Garafolo,* 44 AD2d 86).

The defendant contends that he was denied his right to testify before the Grand Jury due to an Assistant District Attorney's refusal to inform him as to which of his past offenses would be used to attempt to impeach him in the event he testified. The defendant further contends that the denial of his right to testify before the Grand Jury impaired the integrity of the Grand Jury proceedings to such an extent that the indictment should have been dismissed. We disagree. Since there was no right to a *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) prior to the defendant's testifying at the Grand Jury proceedings *(see, People v Thomas,* 215 AD2d 701), the Supreme Court properly denied the motion to dismiss the indictment.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.