■ In the Matter of ISRAEL M. FRANKEL, Petitioner, v RICHARD E. JACKSON, JR., et al., Respondents. [671 NYS2d 308] —Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Department of Motor Vehicles Appeals Board, dated January 24, 1997, which sustained the determination of an Administration Law Judge convicting the petitioner of operating an uninsured motor vehicle in violation of Vehicle and Traffic Law § 319, revoked the petitioner's driver's license for a period of not less than one year, and imposed a fine.

Adjudged that the petition is granted, without costs or disbursements, and the determination is annulled.

The petitioner was charged with operating an uninsured motor vehicle in violation of Vehicle and Traffic Law § 319. At the hearing before an Administrative Law Judge, the petitioner explained that he had leased the vehicle and that he believed that he had received insurance along with the lease. However, the petitioner could not produce proof of insurance. The Administrative Law Judge determined that the charge of operating a vehicle without insurance had been established and the Department of Motor Vehicles Appeals Board sustained that determination.

We agree with the petitioner that his violation of Vehicle and Traffic Law § 319 was not supported by substantial evidence (*see,* CPLR 7803 [4]). This statute requires the People to prove that a nonowner operator had actual knowledge of the lack of insurance (*see, People v Abney*, 176 AD2d 1193; *People v Hakimi-Fard*, 137 Misc 2d 116, 119). There was no proof presented at the hearing to demonstrate that the petitioner knew that the vehicle was uninsured. Accordingly, the determination must be annulled. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.