*677 OPINION OF THE COURT
Memorandum.
Judgment of conviction for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) unanimously reversed upon the law and as a matter of discretion in the interest of justice, and matter remanded to the court below for a trial de novo.
Judgments of conviction for operating a motor vehicle with a suspended registration (Vehicle and Traffic Law § 512) and failure to maintain proper license plates (Vehicle and Traffic Law § 402) unanimously affirmed.
Judgment of conviction for operation of an uninsured vehicle (Vehicle and Traffic Law § 319 [1]) unanimously reversed on the law and facts and accusatory instrument dismissed.
On August 12, 1992, defendant was observed by Police Officer Christopher Palacios leaving a bar and driving a commercial vehicle without proper license plates. Defendant was followed to a parking lot at which time the police officer approached the vehicle and discovered that defendant was intoxicated and that the vehicle was uninsured with a suspended registration. While the police officer observed only the back of the driver’s head while operating the vehicle, his testimony indicated that defendant was in fact the driver of the vehicle.
Concerning the charges set forth on the jury sheets, the fact that the court failed to include the lesser included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]; see also, People v Brown, 53 NY2d 979) on the verdict sheet is reversible error and requires a new trial. Despite the fact that defendant failed to raise this objection at trial, the myriad of charges and circumstances of this matter mandate an examination of the issue in the interest of justice.
CPL 310.20 (2) states that:
“Upon retiring to deliberate, the jurors may take with them * * *
“A written list prepared by the court containing the offenses submitted to the jury by the court in its charge and the possible verdicts thereon.”
Defendant was charged with four violations of the Vehicle and Traffic Law, including driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The court below presented to the jury the elements of each offense in its charge, as well as the lesser *678 included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and gave the jury a written list of the offenses pursuant to CPL 310.20 (2). Omitted from this list, however, was the lesser included offense of driving while ability impaired.
While there appears to be no case law directly on point concerning this issue, one commentator has stated that “[w]here more than one count is sent to the jury for verdict or where counts are submitted in the alternative, and especially where there is a combination of the foregoing, a verdict sheet is a virtual necessity.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 310.20, at 725.) Based upon this “virtual necessity”, it was incumbent upon the court to include the lesser included offense of driving while ability impaired. Even the most careful juror could be swayed by that which is presented in writing before the jury, and a blatant omission of a lesser included offense could easily lead to confusion during deliberations. Thus, it was reversible error to exclude the charge of driving while ability impaired.
Turning to defendant’s argument that the People failed to prove guilt of each offense beyond a reasonable doubt, it appears that the People have sustained their burden with regard to operation of a motor vehicle while registration is suspended and failure to maintain proper license plates. Since all issues of credibility and the weight to be accorded to the evidence adduced at trial are questions to be determined by the trier of facts, the jury’s determination should not be disturbed, as the record amply supports its findings (People v Gaimari, 176 NY 84; see also, People v Figueroa, 219 AD2d 606, lv denied 87 NY2d 846; People v Hawkins, 216 AD2d 414, lv denied 86 NY2d 842; People v Scott, 168 AD2d 523, lv denied 77 NY2d 882). Thus, upon the exercise of this court’s power of factual review, we are satisfied that the verdicts were not against the weight of the credible evidence (see, supra; see also, CPL 470.15 [5]). Furthermore, viewing the evidence in a light most favorable to the People, we find that defendant’s guilt was proven beyond a reasonable doubt concerning the two charges (see, People v Contes, 60 NY2d 620).
As to the charge of operating an uninsured vehicle, the People failed to offer any proof that the defendant, who did not own the subject vehicle, had knowledge that the owner lacked insurance (Vehicle and Traffic Law § 319 [1]; People v Astoria Constr., App Term, 2d & 11th Jud Dists, Oct. 25, 1993; see also, People v Pender, 100 Misc 2d 846; People v Simmons, 90 *679 Misc 2d 143). Thus, the People failed to sustain their burden of proof for this charge.
Defendant next challenges the constitutionality of Vehicle and Traffic Law § 402 (4) which mandates that each motor vehicle driven on a public highway display proper license plates. According to defendant, this section of the Vehicle and Traffic Law is unconstitutionally void for vagueness. In the case at bar, defendant’s vehicle is a pick-up truck without a cap to cover the bed, and the arresting police officer testified at trial that such a vehicle requires commercial license plates. The subject vehicle, however, bore passenger plates.
Section 402 (4) of the Vehicle and Traffic Law states in relevant part: “No person shall operate or drive a motor vehicle upon the public highways of this state having displayed thereon number plates not proper for such vehicle”. While reference to a pick-up truck, or any other type of vehicle, is not mentioned or defined for purposes of the statute, such specifics are addressed in the Codes, Rules and Regulations of the State of New York. 15 NYCRR 106.2 (g) defines a pick-up truck as “[a] truck with a cargo bed and side walls, regardless of the seating capacity within the cab.” Such vehicles require commercial license plates.
In view of the fact that the law concerning the proper license plate type for pick-up trucks is clear, the offending statute cannot be considered constitutionally void for vagueness.
Defendant also takes issue with the jurisdictional sufficiency of the accusatory instruments. It is argued that the instruments fail to contain the specific factual allegations with respect to each and every element of the offenses charged. However, because the defendant was charged by way of four simplified traffic informations, the alleged defects complained of do not render the instruments jurisdictionally defective. The simplified traffic informations need only be in substantial compliance with the form prescribed by the Commissioner of Motor Vehicles (see, CPL 100.25; People v Holman, NYLJ, Nov. 7, 1997, at 31, col 2 [App Term, 9th & 10th Jud Dists]). There is no allegation that the instruments in the instant matter fail to comply with the provision of the CPL. Thus, defendant’s argument is without merit.
Next, defendant maintains that he was illegally stopped and seized by the police. Based upon the arresting police officer’s observations of defendant operating a motor vehicle with improper license plates, as well as the improper registration credentials and physical manifestations of intoxication, the *680 stop and seizure was not contrary to the State and Federal Constitutions (see, e.g., People v Dlugos, 237 AD2d 754, lv denied 89 NY2d 1091; see also, People v De Bour, 40 NY2d 210; People v Kaminski, 151 Misc 2d 664).
Defendant also argues that his right to a speedy trial was denied by the People’s requests for adjournments and the People’s failure to timely supply supporting depositions. It is further alleged that the “People were not ready for trial until the day of trial.” In support of the speedy trial claim, defendant states only that a period of almost two years between the arrest and trial had elapsed. Defendant, however, fails to give any specific dates of delay, or how in fact defendant was prejudiced by any alleged delay. Only bald and conclusory unsupported statements of speedy trial violations are offered which are insufficient to warrant the relief requested (see, People v Robinson, 225 AD2d 399; People v Kramer, 181 AD2d 449, lv denied 79 NY2d 949; see also, People v Taranovich, 37 NY2d 442).
Finally, defendant argues that he was denied effective assistance of counsel due to the trial attorney’s failure t,o elicit at the probable cause hearing that defendant had a glass eye, and therefore, that defendant’s eyes could not have appeared red and watery to the police officer. Further, it is maintained that counsel failed to request a Huntley hearing and never sought clarification of an alleged discrepancy between the charge and the statements contained in the bill of particulars.
In determining whether a defense counsel rendered effective assistance, the standard is “meaningful representation” (see, People v Satterfield, 66 NY2d 796, 798) and “[i]n reviewing claims of ineffective assistance care must be taken to ‘avoid both confusing true ineffectiveness * * * with mere losing tactics and according undue significance to retrospective analysis’ (People v Baldi, 54 NY2d 137, 146).” (66 NY2d, supra, at 798.) A review of the record indicates that defendant has failed to offer any evidence to indicate that counsel did not provide meaningful representation (see, People v Baldi, supra; see also, People v Hayes, 186 AD2d 268).
We have reviewed defendant’s remaining contentions and find them to be without merit.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.