[891 NYS2d 273]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v KARINA SCHERBNER, Defendant.

Justice Court of Village of Muttontown, Nassau County, December 8, 2009

**APPEARANCES OF COUNSEL**

*Law Office of Keith A. Lavallee,* Farmingdale (*Ryan L. Brown-yard* of counsel), for defendant. *Joseph Carrieri, Village Prosecutor,* Mineola, for plaintiff.

**OPINION OF THE COURT**

MARTIN I. KAMINSKY, J.

Defendant is charged with a violation of section 319 (1) of the Vehicle and Traffic Law, while driving an automobile allegedly owned by someone else and traveling northbound on Route 106 in the Village of Muttontown.

Defendant moves to dismiss the charge on the ground that the simplified traffic information (i.e., traffic ticket) and supporting deposition, taken together, do not show that defendant had knowledge that the owner of the vehicle that defendant was driving did not have insurance. Proof of knowledge that the vehicle being driven is uninsured is required for a conviction under section 319. (Vehicle and Traffic Law § 319 [2]; *People v Weinert*, 178 Misc 2d 675, 678 [1998]; *People v Hakimi-Fard*, 137 Misc 2d 116, 119 [1987]; *People v Reyes*, 84 Misc 2d 208 [1975].)

There does not appear to be authority passing on whether the charging instruments must contain a specific allegation of knowledge, i.e., at this nascent stage of the case. Defendant relies on the elements of the offense contained in the statute itself, as well as what she contends are the "interests of justice."

The People contend that proof of lack of knowledge is an affirmative defense, so that such knowledge need not be alleged in the simplified information and supporting deposition. However, guilty knowledge is an element of the offense itself; "[t]he burden of proving both lack of insurance and knowledge [that the vehicle is uninsured] is upon the People." (*People v Simmons*, 90 Misc 2d 143, 144 [1977]; *accord People v Pender*, 100 Misc 2d 846 [1979].) As explained in Rose, New York Vehicle and Traffic Law (§ 19:4 at 205): "The Legislature has not required that a driver inquire of an owner concerning insurance, nor has it required a driver to ask for an insurance card before operating the vehicle." (*See e.g. People v Simmons*, 90 Misc 2d 143, 144 [1977].) Since the People must prove each of the elements of the offense, they must allege each element; and, if they have not done so, the charge is insufficiently lodged.

The People further respond that, in any event, they have met any pleading burden they may have because the failure to produce an insurance identification card is presumptive evidence of a violation, citing Vehicle and Traffic Law § 319 (3). However, the presumption applies only where the driver is the owner of the vehicle. (*People v Abney*, 176 AD2d 1193 [4th Dept 1991], *lv denied* 79 NY2d 823 [1991]; *People v Chin*, 96 Misc 2d 627

[1978].) Moreover, even for an owner, a mere failure to produce such a card is generally not enough, alone, to prove the element of knowledge required for a conviction under the statute; rather, it is only presumptive evidence which requires the defendant to come forward with contrary evidence (even if only testimony) countering the presumption. (*Pender*, 100 Misc 2d at 847 [the presumption "goes only to the element of lack of insurance and not to the knowledge" element]; *Simmons*, 90 Misc 2d at 144.) The trier of fact will determine what weight to give to the evidence (including the credibility of the testimony) and ultimately whether the People have sufficiently met their burden of proof beyond a reasonable doubt.

Even if the People make out a prima facie case of knowledge, the defendant may be able prove that she did not know that the automobile was uninsured when she was driving it. For example, in *Matter of Frankel v Jackson* (249 AD2d 475 [2d Dept 1998]), the testimony of the renter of a rental vehicle was sufficient in an administrative proceeding to do so. But, the defendant need not do so unless and until the People have presented a prima facie case; and, in any event, such proof is a matter for trial, not a motion to dismiss for insufficiency of the charging instruments themselves.

Although the simplified information and supporting deposition need not be detailed, they must state all of the elements of the offense in a manner sufficient to state a prima facie case. (*People v Greenfield*, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [2005]; *People v Worrell*, 10 Misc 3d 1063[A], 2005 NY Slip Op 52111[U] [2005]; *see also People v Palmer*, 21 Misc 3d 1136[A], 2008 NY Slip Op 52399[U] [2008].) The combination of the simplified information and supporting deposition in a case can suffice to do so. (*People v Inserra*, 4 NY3d 30, 32 [2004]; *People v Key*, 45 NY2d 111, 115-116 [1978]; *Greenfield*, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [2005].)

Here, the simplified information does not state any details of the circumstances involved or the alleged offense, but rather merely lists the statute and says "uninsured." The supporting deposition states only the same thing, and that the police officer had "reasonable cause to believe that the defendant committed the offense" because she was "operating" the automobile at the time and place specified in the ticket. That is not sufficient to establish, prima facie, all the elements of the offense, as set forth in the statute.

Rather, when a vehicle is stopped for this alleged offense, the simplified information and supporting deposition should show

that there was a reasonable basis for the officer to believe that a violation of the law (not necessarily of section 319 itself) had been committed, and then, after stopping the driver, that a section 319 violation itself (either together with another violation or alone) occurred. (*United States v Jenkins*, 324 F Supp 2d 504, 508 [2004], *affd* 452 F3d 207 [2006], *cert denied* 549 US 1008 [2006] ["(p)robable cause and reasonable suspicion to stop and arrest a driver of a vehicle exist '(w)hen an officer observes a traffic offense—however minor' "]; *United States v Scopo*, 19 F3d 777, 782 [1994].) That is especially so when, as here, the alleged violation was committed as to a moving vehicle whose registration and inspection stickers were not readily visible and for which there was generally no other readily apparent basis to suspect that the vehicle was uninsured.

Proof of those predicate factors can and should be shown in the supporting deposition. For example, in a Vehicle and Traffic Law § 319 case, it can state: (a) why the police officer believed there was a reasonable ground to stop the vehicle; (b) how the officer determined whether the driver was the owner of the vehicle (e.g., by reviewing the registration), which may create the section 319 (3) presumption; and (c) if no presumption is created, that the officer inquired of the driver or otherwise arrived at a good faith belief (possibly even based on disbelief of what the driver says) that the driver knew that the vehicle was uninsured. Failing such explanatory information, however, it is not possible for the combination of the simplified information and supporting deposition to make out a prima facie case of a violation of this particular section of the Vehicle and Traffic Law.

The simplified information and supporting deposition at bar fail to satisfy this criteria. Hence the motion is granted, and the case is dismissed.