The People of the State of New York, Respondent,
against
Shaquelle M. Clark, Appellant.




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from six judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth S. Diamond, J.H.O.), entered December 1, 2017. The judgments convicted defendant, after a nonjury trial, of failing to wear a seatbelt while operating a motor vehicle, unlicensed driving, operating an unregistered vehicle, operating a motor vehicle without a certificate of inspection, operating an uninsured motor vehicle and operating a motor vehicle on a public highway with improper plates, respectively, and imposed sentences.




ORDERED that the judgment convicting defendant of operating an uninsured motor vehicle is reversed, on the law, the fines, if paid, are remitted, and the simplified traffic information charging that offense is dismissed; and it is further,
ORDERED that the judgments convicting defendant of failing to wear a seatbelt while operating a motor vehicle, unlicensed driving, operating an unregistered vehicle, operating a motor vehicle without a certificate of inspection and operating a motor vehicle on a public highway with improper plates are affirmed.
Defendant was charged in six simplified traffic informations with failing to wear a seatbelt while operating a motor vehicle (Vehicle and Traffic Law § 1229-c [3]), unlicensed driving (Vehicle and Traffic Law § 509 [1]), operating an unregistered vehicle (Vehicle and [*2]Traffic Law § 401 [1] [a]), operating a motor vehicle without a certificate of inspection (Vehicle and Traffic Law § 306 [b]), operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]) and operating a motor vehicle on a public highway with improper plates (Vehicle and Traffic Law § 402 [4]), respectively. 
At a nonjury trial, the Suffolk County police officer who had issued the traffic citations to defendant was the sole witness. He testified that, while on patrol, he had observed defendant driving a vehicle without wearing a seatbelt. Upon effecting a car stop, he asked defendant for her driver's license and the vehicle's registration and insurance cards. Defendant did not produce any of these documents. The officer had also asked defendant her name and date of birth, and, over defense objection, testified about the information she had given. With this pedigree information, the officer linked the computer in his patrol car to the New York Department of Motor Vehicles (DMV) database. Over defense counsel's hearsay objection, the court permitted the officer to testify that the DMV database had revealed that defendant possessed a New York State identification card, but no driver's license or permit. The DMV database check further revealed that defendant was not the owner of the vehicle she was operating and that the license plate on it belonged on another vehicle. Additionally, the officer saw that the inspection sticker on the front windshield of the vehicle had expired.
The officer testified that a male passenger in the car with defendant had volunteered that he owned the vehicle, which he admitted was unregistered and uninsured at the time. He also admitted that the license plate had come from another vehicle he owned. The officer testified that he did not recall whether he had checked the DMV database to determine if the passenger, whose name he did not remember, indeed owned the vehicle. Based upon the totality of these observations, the officer issued defendant the six citations.
Following the trial, the court convicted defendant of all six traffic infractions and sentenced her to pay various fines. Additionally, the court charged defendant a Suffolk County administrative fee for each conviction, over defense counsel's objection.
For the reasons stated in People v Ruiz (__ Misc 3d __, 2019 NY Slip Op ____ [appeal No. 2018-1123 S CR], decided herewith), the court correctly denied defendant's pretrial motion to strike, as unconstitutional, article 14-B of the General Municipal Law.
By failing to move in the trial court to dismiss the simplified traffic information charging defendant with operating an uninsured motor vehicle, on the ground that the supporting deposition attached to that accusatory instrument is facially insufficient (see CPL 170.30 [2]; 255.20 [1]), defendant has waived the contention (see People v Key, 45 NY2d 111, 116-117 [1978]; People v Kelleher, 39 Misc 3d 149[A], 2013 NY Slip Op 50948[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013] ["Since a defendant charged with a traffic infraction can be prosecuted by a simplified traffic information alone, and, thus, without any facts providing reasonable cause, the absence of a factual allegation in a supporting deposition is not a jurisdictional defect and can be waived"]). Consequently, defendant's contention that the judgment convicting her of this offense should be reversed because the accusatory instrument is jurisdictionally defective lacks merit.
However, defendant is correct that the evidence at trial was legally insufficient to convict her of operating an uninsured motor vehicle. Evidence adduced at trial is legally sufficient to support a guilty verdict if it is "competent evidence which, if accepted as true, would establish [*3]every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). In other words, trial evidence is legally sufficient if, when it and all reasonable inferences therefrom are viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]; People v Contes, 60 NY2d 620, 621 [1983]), " 'any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]).
Based upon the police officer's credible, uncontroverted testimony that defendant did not own the vehicle she was operating, for her conviction of operating an uninsured motor vehicle to be legally sufficient, the trial evidence had to establish that she had operated a vehicle "with the knowledge that the owner thereof does not have in full force and effect such proof of financial security" (Vehicle and Traffic Law § 319 [1]). While the officer's testimony that defendant failed to present an insurance card upon request constituted presumptive evidence that the vehicle was not insured (see Vehicle and Traffic Law § 319 [3]), it was not presumptive evidence of defendant's knowledge thereof (see People v Simmons, 90 Misc 2d 143, 144 [Suffolk Dist Ct 1977]). As the People presented "no proof . . . to demonstrate that [defendant] knew that the vehicle was uninsured," the judgment convicting her of violating section 319 (1) of the Vehicle and Traffic Law was based upon legally insufficient evidence (Matter of Frankel v Jackson, 249 AD2d 475 [1998]; People v Weinert, 178 Misc 2d 675, 678-679 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]).
Defendant also argues that her convictions of operating an unregistered vehicle and unlicensed driving were against the weight of the evidence. In so doing, defendant asserts that the court erred in admitting into evidence, over defense objection, her statement to the police officer giving her name and date of birth, because the People had never provided the defense with notice of their intent to rely upon the statement in their case in chief (see CPL 710.30 [1] [a]). She also asserts that the court erred in permitting the officer to testify, over her hearsay objection, about the information he had obtained from the DMV database.
Defendant's argument that the People were required to provide statement notice regarding the pedigree information she had provided the police officer is without merit.
"Inasmuch as responses to pedigree questions 'are not suppressible even when obtained in violation of Miranda, defendant lacks a constitutional basis upon which to challenge the voluntariness of [her] statement[] and[,] where there is no question of voluntariness, the People are not required to serve defendant with [CPL 710.30] notice' concerning those statements" (People v Kennard, 160 AD3d 1378, 1379 [2018], quoting People v Rodney, 85 NY2d 289, 293 [1995]).
The court did err by permitting the police officer to testify about DMV database information concerning defendant's licensing and the vehicle's registration. He was not a custodian of DMV records and thus could neither authenticate, nor lay the proper foundation for the admission into evidence of, such records. Further, the People failed to even attempt to place documentation of this DMV information into evidence (see Bank of NY Mellon v Gordon, __ AD3d ___, 2019 NY Slip Op 02306, *3 [2019] ["it bears noting that the business record exception to the hearsay rule applies to a 'writing or record' (CPLR 4518 [a]). Although the foundation for admission of a business record usually is provided by the testimony of the custodian . . . it is the business record itself . . . that serves as proof of the matter asserted"] [*4][internal quotation marks and citations omitted]). However, this hearsay error was harmless. Without considering the improperly admitted, hearsay DMV database information, the weight of the remaining trial evidence nonetheless supported defendant's convictions of a registration violation and unlicensed operation of a motor vehicle. The officer established that he had had reasonable cause to effect the stop of the vehicle defendant had been operating. Because defendant failed to produce a driver's license and the vehicle's registration, she was statutorily presumed to be unlicensed and operating an unregistered vehicle (see Vehicle and Traffic Law §§ 401 [4]; 507 [2]). "[T]he burden shifted to the defendant to establish" otherwise (People v Sikorsky, 195 Misc 2d 534, 536 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). As defendant failed to proffer evidence rebutting these presumptions, their weight supported her convictions.
Lastly, this court, as it has done previously, rejects as meritless defendant's argument that state law preempts the $55 Suffolk County administrative fee attached to each of defendant's convictions (see People v Ermmarino, 60 Misc 3d 50, 55 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51048[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op 50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment convicting defendant of operating an uninsured motor vehicle is reversed. The remaining judgments of conviction are affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 13, 2019