The People of the State of New York, Respondent,
against
Fausto Nunez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Curtis Farber, J. at hearing; Steven M. Statsinger, J. at plea and sentencing), rendered January 22, 2018, convicting him, upon his plea of guilty, of driving while intoxicated per se, and imposing sentence.




Per Curiam.
Judgment of conviction (Curtis Farber, J. at hearing; Steven M. Statsinger, J. at plea and sentencing), rendered January 22, 2018, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Defendant's vehicle was lawfully stopped by police because it made an improper right turn from the left lane of Broadway, cutting directly in front of the marked police vehicle (see Vehicle and Traffic Law § 1160; People v Robinson, 74 NY2d 773, 774-775 [1989], cert denied 493 US 466 [1989]). After lawfully stopping defendant's vehicle, the police had probable cause to arrest defendant at least for driving while impaired (see Vehicle and Traffic Law § 1192[1]), based upon the officer's observation of defendant's bloodshot, watery eyes, the smell of alcohol on his breath, and his swaying and unsteady gait (see People v Reyes, 136 AD3d 443 [2016]; People v McCarthy, 135 AD2d 1113 [1987]; People v Blajeski, 125 AD2d 582, 582-583 [1986], lv denied 69 NY2d 877 [1987]).
The court also properly denied defendant's motion to suppress the results of the breath-alcohol test at the precinct. The record, including the videotape recording submitted by the People, clearly supports the hearing court's finding that defendant had a sufficient command of the English language to understand the police questioning and to voluntarily consent to the breath-alcohol test. This conclusion finds further support in the fact that defendant had previously followed the police officer's verbal instructions on the road, answered the officer's initial questions in English and admitted that he had been drinking "yesterday" (see People v Gaviria, 31 Misc 3d 138[A], 2011 NY Slip Op 50752[U][App Term, 1st Dept 2011], lv denied 17 NY3d 806 [2011]). Moreover, as a precautionary measure, defendant was played a videotape in Spanish before he agreed to take the breathalyzer test. 
We have considered defendant's remaining arguments and finds them unavailing. [*2]
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 30, 2019