THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANDREW VINCENT CREAN, Appellant.

County Court, Westchester County, August 2, 1954.

*Joseph M. Costello* for appellant.

*Samuel Faile, District Attorney,* for respondent.

FANELLI, J. Appeal from a judgment entered in a Police Justice's Court convicting the defendant of violating subdivision 4 of section 20 of the Vehicle and Traffic Law. The pertinent portion of the section of which the defendant was charged with violating provides: " nor shall any person *knowingly* authorize or permit the operation or driving of a motor vehicle owned by him or in his charge upon a public highway of this state by any person who is not duly licensed ". (Emphasis supplied.)

It was incumbent upon the prosecution to prove: (1) that the defendant authorized or permitted a person to operate his motor vehicle; and (2) that the defendant had knowledge that the person he authorized or permitted to operate his motor vehicle had no license.

The Trial Judge held that the defendant, having voluntarily permitted another person to drive his motor vehicle, was under a legal duty to ascertain that the driver to whom he turned over the car was duly licensed. In other words, he found the defendant guilty because he failed to make inquiry. This the statute does not require, and was error.

The prosecution failed to prove knowledge or circumstances from which knowledge could reasonably be inferred. Belief that a person had knowledge without any basis for it is insufficient and shows a lack of knowledge.

The term " knowingly " under the statute in question imports something more than carelessness or lack of inquiry.

Subdivision 4 of section 3 of the Penal Law defines " knowingly " as follows: " The term ' knowingly ' imports a knowledge that the facts exist which constitute the act or omission a crime, and does not require knowledge of the unlawfulness of the act or omission ".

Since knowledge is a constituent part of the crime under the statute, it must, therefore, be alleged and proved.

The statute does not require or place upon an owner of a motor vehicle the burden or duty to make inquiry as to whether or not the person authorized or permitted to operate the motor vehicle was duly licensed.

The Legislature in many instances has created a presumption of knowledge from, among other things, a failure to make reasonable inquiry. (For examples, see Penal Law, §§ 306, 667, 1308, subd. 3; § 2414-a.) No such statutory provision, however, has been made with respect to the statute in question.

The judgment is for these reasons reversed, the information dismissed and the fine remitted. Submit order.