Howard A. Zeller, J.
This is a motion by defendants Metzar pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss portions of plaintiff’s complaint and of plaintiff’s causes of action therein insofar as the complaint is based upon an alleged violation of subdivision (a) of section 383 of the Vehicle and Traffic Law, upon the ground that such portions do not state a cause of action. Subdivision (a) of section 383 of the Vehicle and Traffic Law reads in part, “ Every motor vehicle registered in this state and manufactured or assembled after June thirtieth, nineteen hundred sixty-two, shall be equipped with sufficient anchorage mits at the attachment points for attaching at least two sets jf seat safety belts for the front seat of the motor vehicle. * * * Every motor vehicle registered in this state and manufactured or assembled after June thirtieth, nineteen hundred sixty-four and designated as a 1965 or later model, shall be equipped with at least two sets of seat safety belts for the front seat of the motor vehicle. ’ ’
The complaint, inter alia, alleges that in March, 1966, defendant John Metzar purchased from a private seller in New York State a used MG auto manufactured or assembled after June 30, 1964 and designated as a 1965 model. It is further alleged that the car contravened the provisions of subdivision (a) of section 383 in that it was neither equipped with front seat belts nor belt anchorage units as required by the statute.
*811 The ear was registered in 1966 by owner John Metzar in New York. On May 7, 1966, plaintiff’s intestate, Bernard J. Forse, was a passenger in the vehicle being operated permissively by defendant William P. Metzer, when it collided on a public highway with a vehicle operated by defendant Donald L. Turner. As a result of the collision, passenger Forse was injured and subsequently died.
In addition to alleging a number of acts of operative negligence, the complaint also charges that Mr. Forse’s injuries and death resulted from a breach by defendants Metzar of their statutory duty to have the vehicle equipped with seat belts.
Defendants Metzar contend, on this motion to dismiss, that the statute places no duty on the owner or operator to install anchorage units or seat belts on a 1965 model vehicle not originally so equipped. It is argued that the statutory language employed in section 383 imposes specific duties, restrictions, sanctions and penalties with regard to seat belts on owners and operators in those portions of it where the Legislature intended them to be imposed, but subdivision (a) does not impose any duties or restrictions on a private owner or operator of a standard passenger vehicle unequipped with seat belts. The thrust of defendants’ argument is that in subdivision (a) the legislative intent at most can be construed as imposing minimum equipment standards for specifically described vehicles being shipped by manufacturers into New York for sale and registry in New York.
A number of additions and amendments to the Vehicle and Traffic Law (art. 9, Equipment of Motor Vehicles and Motorcycles, now containing §§ 375-384) have been enacted, amended and reamended since 1962. Reviewing these sections and subdivisions within article 9 employing the phrase “ Every motor vehicle registered in this state and manufactured or assembled ”, it is apparent with respect to certain items of equipment, the Legislature did specifically impose duties, sanctions or restrictions upon private owners and operators. For example, subdivision 10-a of section 375 states, “It shall be unlawful after July first, nineteen hundred sixty-seven to operate on any public highway in this state any motor vehicle registered in this state, manufactured or assembled on or after such date, and designated as a nineteen hundred sixty-eight or later model, unless such vehicle is equipped with an adjustable side view mirror ”. (Italics supplied.) (See, also, § 375, subds. 18-a, 28-a, 28-b; § 383, subds. [f], [i].) In other sections in article 9 dealing with specified items of equipment, words of duty, sanction and restriction are not applied to owners or operators. No such *812 words are directed to owners or operators in the case of the seat belt provision in subdivision (a) of section 383. (See, also, §§ 382-b, 382-c, 382-d.) The court should not, under the cloak of statutory construction, supply words of mandate where the Legislature used none. Nor, without supporting statutory language, should the courts find a mandatory intent on the Legislature’s part.
It is concluded that subdivision (a) of section 383 does not place upon the owner or operator of a vehicle in the specified class the duty of equipping it with seat belts.
Plaintiff also contends this motion to dismiss is improper because it actually seeks to strike from the complaint a single specification of negligence under the guise of moving to dismiss an unnumbered cause of action. Concededly, the complaint allegation of a breach of subdivision (a) of section 383 is not set forth as a separately stated and numbered cause of action, but such portion is severable from the remaining good allegations of the complaint. (See, Tow v. Moore, 24 A D 2d 648.) This motion may properly attack portions of the complaint.
The motion should be granted and the portions of the complaint pertaining to the alleged violation of subdivision (a) of section 383 should be dismissed.