OPINION OF THE COURT
Frank M. Klinger, J.
This case presents a unique question of law, which should be of State-wide interest and upon which, not surprisingly, there has been no previously reported case law. The defendant is charged with a violation of Vehicle and Traffic Law § 375 (39) which reads in pertinent part as follows: "Every motor vehicle registered in this state and manufactured or assembled after October first, nineteen hundred and sixty-four shall *537 be equipped with a defrosting device, in good working order, for the purpose of preventing the formation of snow or ice on the windshield directly in front of the operator”.
The question presented for decision is whether a person who owns and operates a motor vehicle may be convicted under this section for operating the vehicle with a nonworking defroster.
Defendant’s initial arguments are that his defroster worked, but "not that well” and that even though his windshield was apparently frosted over as he drove, this may have been due to a failure to clear the snow or ice off the windshield or the fact that it had formed subsequent to the initial use of the defroster.
The officer testified that he asked the defendant if his windshield defroster worked and that the defendant simply replied "no”. If we accept the officer’s version of this event, we dispose of all of the defendant’s arguments, save perhaps his one constitutional argument that many vehicles have inadequate defrosting devices and that it is unfair to penalize the defendant for this.
We of course note in passing that driving with a frosted windshield if it prevents the driver from adequately seeing the road may well constitute negligence and could certainly subject the driver and owner to civil liability if that fact were to be the cause of an accident. We make no finding as to whether such a state of facts may constitute a violation of any other section of the Vehicle and Traffic Law.
The most significant issue to this court is simply the question of whether reading the literal language of section 375 (39) a defendant may be found to have violated that section by driving a motor vehicle upon the highways of the State of New York.
Vehicle and Traffic Law § 375 (39) literally states that: "Every motor vehicle registered in this state” must be equipped with a defrosting device in good working order. (Emphasis added.) The section states nothing about the driver or owner of said vehicle being subject to fines or penalties for the operation of said vehicle.
It is our function as a court to interpret the laws of our State and our city precisely as they are written. It is not the court’s function to change these laws, embellish them, add or detract from them or to supply meanings to them that are not readily apparent by a reading of the sections themselves. If *538 the laws are inadequate to achieve what some may deem their obvious purpose, then it is for the Legislature to change the laws.
McKinney’s Consolidated Laws of NY, Book 1, Statutes § 73 states that: "It is a basic rule of statutory construction that the courts should avoid judicial legislation, since the Constitution of this state vests the legislative power in the Senate and Assembly; and courts may not legislate under the guise of interpretation of statutes. That the courts may not divest or usurp the legislative power has been announced so frequently and in such varying language as to defy complete repetition. Thus it is said that courts may not make, change, amend, or repeal a statute. As otherwise expressed, the judicial function is to interpret, declare, and enforce the law, not to make it, and it is not for the courts to correct supposed errors, omissions or defects in legislation. A statute must be read and given eifect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all of the problems and complications which might arise in the course of its administration” (emphasis added).
This particular section states nothing about the "operation” of a vehicle. A literal reading of the section would at most require that before the vehicle be registered, the owner must establish that at the time of registration it is equipped with a defrosting device in good working order.
Nor is our Legislature incapable of using language so as to prohibit operation of a vehicle when it so intends. The Vehicle and Traffic Law is filled with violations committed during the operation of a vehicle. We need look no further than Vehicle and Traffic Law § 375.
Section 375 (1) states that: "Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes and steering mechanism in good working order” (emphasis added.)
Section 375 (31) states that: "Every motor vehicle, operated or driven upon the highways of the state, shall at all times be equipped with an adequate muffler and exhaust system” (emphasis added).
Section 375 (35) (c) states that: "No person shall operate a motor vehicle or a trailer on a public highway if such vehicle is equipped with tires that do not meet the standards established by the commissioner” (emphasis added).
*539 McKinney’s Consolidated Laws of NY, Book 2, Statutes § 271 (e) states that: "The prohibition of a statute which is penal in nature may not be extended to doubtful situations * * * and every reasonable doubt concerning the meaning of the statute should be resolved in favor of the defendant. Thus, if there is a reasonable doubt whether a penal statute applies to a particular case, the party of whom the penalty is claimed should have the benefit of it. In other words that interpretation should be given conflicting provisions of a penal statute which best protects the rights of a person charged with an offense.”
Thus, even if there is only a "reasonable doubt”, as to the facts as they occurred, or as to the meaning of the section in question, i.e., whether or not it prohibits the operation of the vehicle, that doubt must be resolved in favor of the defendant.
Whether the State Legislature has a valid public purpose in prohibiting operation of a motor vehicle without an adequate defrost and whether or not section 375 (39) and/or any other section of the Vehicle and Traffic Law does or does not achieve that purpose is not the issue. The point is that I have a good deal more than a reasonable doubt that section 375 (39) as it is written provides a penal sanction for the operation of such a vehicle. If it was the Legislature’s intent to do so, they ought to amend the law to clarify the point.
I must and do find the defendant not guilty.