OPINION OF THE COURT
Frank M. Klinger, J.
Defendant is charged with violation of section 1224 of the Vehicle and Traffic Law: "abandoned vehicle”. Defendant has raised the issue, among others, as to the proper interpretation of section 1224 (1) (c), the section under which defendant stands charged.
That section states:
"A motor vehicle shall be deemed to be an abandoned vehicle if left unattended * * *
"(c) for more than forty-eight hours, after the parking of such vehicle shall have become illegal, if left on a portion of a highway or public place on which parking is legally permitted”.
*624 Since there is no proof in the case at bar before me that the defendant’s vehicle was ever parked illegally, the officer’s interpretation of that statute would appear to be that if a vehicle is left unattended for more than 48 hours on a portion of a highway where parking is legally permitted, that upon the passing of 48 hours such parking shall have become illegal and constitute the basis for the violation of that section. In support of this position is the apparent fact that there is no other subdivision of section 1224 which proscribes abandoning a vehicle on a public highway where parking is permitted, although arguably it may not have been the intention of the Legislature to do so.
It seems to me that one could just as easily construe section 1224 (1) (c) to mean that if a vehicle is left on a portion of a public highway in which parking is legally permitted at the time the vehicle is parked, but subsequently the parking becomes illegal — such as might result from alternate day parking regulations and signs or from an all night winter parking ban — then if that vehicle is parked in such area for 48 hours after the time upon which the parking first became illegal, the violation of "abandoned vehicle” would then have been committed.
Indeed, if the former rather than the latter interpretation be correct, the statute could simply have read "a motor vehicle shall be deemed to be an abandoned vehicle if left unattended on a portion of a highway or public place on which parking is legally permitted, for more than forty-eight hours”.
If the latter interpretation is correct, the statute would have been much more clear if the words "at the time the vehicle is first parked” had been inserted after the word "permitted”.
As we have pointed out before, McKinney’s Consolidated Laws of NY, Book 1, Statutes § 73 states that: "It is a basic rule of statutory construction that the courts should avoid judicial legislation, since the Constitution of this state vests the legislative power in the Senate and Assembly; and courts may not legislate under the guise of interpretation of statutes. That the courts may not divest or usurp the legislative power has been announced so frequently and in such varying language as to defy complete repetition. Thus it is said that courts may not make, change, amend, or repeal a statute. As otherwise expressed, the judicial function is to interpret, declare, and enforce the law, not to make it, and it is not for the *625 courts to correct supposed errors, omissions of defects in legislation. A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all of the problems and complications which might arise in the course of its administration” (emphasis added; People v O’Neill, 134 Misc 2d 536 [Oswego City Ct, Oswego County 1987]).
One could well ask: Why is this the case? Well, for purposes of prosecution and conviction, everyone is bound by every single law, Federal, State and local. Thus, presumably the only way a person can be certain to avoid breaking the law is to know by heart every single law, Federal, State and local. However difficult or impossible this burden be, it is of course justified by society’s need to protect itself from criminal or unlawful persons who, intentionally or otherwise, might use their self-professed ignorance to obtain immunity for any crimes or violations they might commit.
Thus, the often repeated common maxim that "ignorance of the law is no excuse”. Nonetheless, the law must and does recognize that this is a truly enormous burden that is imposed upon every single citizen. To know every law, Federal, State and local — literally 10s of thousands of them!
It is therefore unconscionable and unthinkable for a court to add to that already enormous burden the requirement that when one of these laws as written is ambiguous enough as to cause us difficulty — that the citizen must also know the "correct” interpretation of that law and that he is to be punished if he does not!
That is why the citizen deserves and receives the benefit of the doubt as to the meaning of the law — and this is of course so, regardless of whether the citizen has actually ever read the law — for again it would constitute impermissible and unconstitutional discrimination as well as encouragement to perjury if this obviously reasonable protection were to be granted only to those citizens who claim to have actually read the law in question.
That is why McKinney’s Consolidated Laws of NY, Book 1, Statutes § 271 (e) states that: "The prohibition of a statute which is penal in nature may not be extended to doubtful situations * * * and every reasonable doubt concerning the meaning of the statute should be resolved in favor of the defendant. Thus, if there is a reasonable doubt whether a penal statute applies to a particular case, the party of whom *626 the penalty is claimed should have the benefit of it. In other words that interpretation should be given conflicting provisions of a penal statute which best protects the right of a person charged with an offense” (emphasis added).
Thus even if there is only a "reasonable doubt”, either as to the facts as they occurred, or as to the meaning of the section in question that doubt must be resolved in favor of the defendant. (McKinney’s Cons Laws of NY, Book 1, Statutes § 271; People v O’Neill supra; People v Gordon, People v Santos, Oswego City Ct, Oswego County 1986.)
We also note that the word "unattended” is not defined in the Vehicle and Traffic Law and is therefore susceptible to different interpretations.
It is far from clear beyond a reasonable doubt that a vehicle is "unattended” unless someone actually drives the vehicle. It is at least as logical to allow that a vehicle is "attended” to if the owner opens the doors and goes in and out of the vehicle as the defendant testified that he did.
Giving this defendant the benefit of the doubt as to the construction of the statute, I would have to construe it in this case as requiring that the vehicle be parked at least 48 hours in a spot after such parking had become illegal (either due to alternate street parking signs, all night parking ban or for some other reason) before the vehicle could be considered to be an "abandoned vehicle”. Naturally, a vehicle can still of course be ticketed for any other parking violations that may have occurred during this 48-hour period or otherwise.
Since there was no evidence in the case at bar that the parking of that vehicle had become illegal, the present charge therefore must be and hereby is dismissed.
We add as dicta for the benefit of all who may be interested that since two reasonable interpretations are possible, if a future hypothetical defendant were to be charged with a violation of that same section 1224 (1) (c), he too would be entitled to that interpretation "which best protects the rights” of that person (McKinney’s Cons Laws of NY, Book 1, Statutes § 271) and that interpretation could well be the opposite interpretation from this case! Thus, an ambiguous statute must be interpreted to the benefit of the defendant, even if that interpretation is contrary to that which is favorable to *627 another defendant charged under the same section but a different set of facts.
The moral of the story of course is that it is impossible to obtain a conviction under an ambiguous statute unless the defendant is clearly guilty under all reasonable interpretations of that statute.