OPINION OF THE COURT
Sanford I. Weinberg, J.
This matter has come before this court on September 15, 1987, with decision being reserved after the People’s case, as to defendant’s motion to dismiss and after the entire case of both the People and defendant were presented, a decision was reserved pending the filing of memoranda of law by all parties.
*517 The People have written the court indicating that they intend to withdraw their opposition to the defendant’s motion to dismiss. The court hereby makes the following findings:
Mr. Harold Borg the defendant and his son, a minor, walked the defendant’s motorcycle to the local homeowner’s pool association parking lot. At the time of arriving at the association pool parking lot, the defendant proceeded to the enclosed pool area, and gave his son permission to use the motorcycle only within the pool parking lot. Unbeknownst to the defendant, his son drove the motorcycle beyond the parking lot area onto the public streets of their local community. The defendant was charged with Vehicle and Traffic Law § 509 (1), (4).
The defendant had no knowledge that his son violated his authority and directive that the motorcycle be used only in the private pool parking lot. The statute under which the defendant was charged (Vehicle and Traffic Law § 509 [1], [4]) is ambiguous insofar as whether the defendant must have knowledge of the actual place of operation of the motor vehicle by one who is unlicensed, and also have knowledge that an unlicensed operator is going to operate a motor vehicle, beyond the permissible locations of the statute.
It is determined by this court that the defendant had no knowledge that his son would operate a motor vehicle on a public highway. Though the defendant could have reasonably expected that his son might go beyond the perimeters of the private pool lot, such a possibility does not impute responsibility under the statutory scheme. To create a responsibility that might be implied by the statutory scheme is a legislative responsibility that must be clear and concisely established by statute.
Therefore, this court finds in favor of the defendant.