Anthony M. Cerreto, Esq. Informal Opinion Village Attorney No. 2003-9 Village of Port Chester 10 Pearl Street Port Chester, New York 10573
Dear Mr. Cerreto,
You have requested an opinion as to whether the Village of Port Chester may properly enforce subdivision B of section 319.55 of the Village Code, which provides that no motor vehicles may be parked on any public street or parking area for more than twenty — four (24) consecutive hours, and that any vehicle parked on any public street or parking area for twenty-four (24) consecutive hours or more may be removed by the Village and impounded, with such removal to be paid by the vehicle owner, his agent or representative. You have indicated that the local law appears to conflict with Vehicle and Traffic Law §1224, which provides that a vehicle, initially parked legally, is deemed abandoned only when it remains parked for more than forty-eight (48) hours after such parking becomes illegal. We agree that treating vehicles impounded pursuant to this local law as abandoned, merely because they have remained parked on a public street for more than 24 consecutive hours, would conflict with the definition of abandoned vehicles in section 1224. However, as long as the Village does not treat such vehicles as "abandoned" within the meaning of section 1224, we conclude that a local law providing for the removal and impoundment of motor vehicles illegally parked for more than 24 hours does not conflict with the Vehicle and Traffic Law and may be enforced, assuming local circumstances warrant the seizure of such vehicles and due process standards are met.
BACKGROUND
Section 319-55 of the Village Code of the Village of Port Chester governs the impoundment of abandoned or unattended vehicles.[1] Subdivision A of that section provides authority for the Village Police Department to remove a vehicle that is parked or abandoned during a snowstorm, flood, fire or other public emergency, found unattended where the vehicle obstructs traffic, or parked or abandoned where stopping, standing or parking is prohibited. Subdivision B provides that it is unlawful for a motor vehicle to be parked on any public street or parking area for more than twenty-four (24) consecutive hours and that any automobile found parked on any public street or parking area for twenty-four (24) consecutive hours or more may be removed by the Village and impounded, with removal paid by the owner, the owner's agent or representative. In a subsequent telephone call, you explained that "parking area" within the meaning of this subdivision refers to parking areas owned and maintained by the Village for public parking.[2]
ANALYSIS
The Vehicle and Traffic Law is deemed applicable and uniform throughout the State; local governments may not enact any local law, ordinance, rule or regulation that conflicts with the Vehicle and Traffic Law unless expressly authorized by statute. Vehicle and Traffic Law §1600; see generally People v. Grant, 306 N.Y. 258, 260
(1954); Op. Att'y Gen. (Inf.) No. 85-4. Thus, although a village may adopt local laws relating to the "acquisition, care, management and use of its highways, roads, streets, avenues and property," such laws must be consistent with the Vehicle and Traffic Law and the specific delegations contained therein. See N.Y. Const. art. 9, § 2(c)(ii)(6); Municipal Home Rule § 10(1)(ii)(a)(6).
A. Conflict with Vehicle and Traffic Law § 1224
You have specifically asked whether subdivision B of section 319.55 of the Village Code conflicts with section 1224 of the Vehicle and Traffic Law.
Section 1224 of the Vehicle and Traffic Law defines abandoned vehicles and regulates their disposition. In relevant part, this section provides that a motor vehicle is deemed abandoned if it is left unattended for more than 24 hours on any highway or public place where parking is not legally permitted, or if it is left for more than 48 hours after the parking of such vehicle becomes illegal, when left where parking is permitted. Vehicle and Traffic Law §1224(1)(b),(c). It is illegal to cause a vehicle to be an abandoned vehicle, and a violation is punishable by a fine of between $240 and $1,000. Id. § 1224(7)(a). Generally, the city, town or village in which the vehicle was abandoned is entitled to custody of the vehicle and may recover the costs of removal and storage of the vehicle from its last owner. Id. § 1224(4),(9). Section 1224 specifies the manner and under what circumstances ownership in an abandoned vehicle vests in the local authority, and the notification procedures required.Id. § 1224(2), (3), (4). This statute further specifies how the local authority may dispose of an abandoned vehicle and under what circumstances it may convert such a vehicle to its own use. Id. § 1224(5), (6). Regulations of the Commissioner of Motor Vehicles supplement these statutory provisions. See id. § 1224(10); 15 N.Y.C.R.R. Part 18. Section 1224's legislative history confirms that this provision was intended to establish both a clear definition of abandoned vehicles and guidelines governing their disposition. See Memorandum of Dept. of Motor Vehicles on Bill before the Governor for Executive Action (May 12, 1969), reprinted in Bill Jacket for ch. 829 (1969), at 5-6.
To the extent the Village law is viewed as an "abandonment" provision, it directly conflicts with Vehicle and Traffic Law § 1224
and is therefore unauthorized. Under section 1224, a vehicle is considered abandoned after 24 hours only if it is parked illegally in the first instance; and a vehicle initially parked legally is considered abandoned only if it remains for more than 48 hours after such parking becomes illegal. Vehicle and Traffic Law §1224(1)(b),(c); see People v. Familio, 135 Misc.2d 623
(City Ct. 1987) (absent proof that vehicle was ever parked illegally, defendant could not be found guilty of violating § 1224 where vehicle was left on highway for 48 hours). Subdivision B of the local law, to the extent it suggests or is construed as defining a vehicle as abandoned after only 24 hours where that vehicle was initially parked legally would be in direct conflict with section 1224. Unless expressly authorized, local laws conflicting with section 1224 are not permitted. See Op. Att'y Gen. (Inf.) No. 81-47. There is no authority in the Vehicle and Traffic Law for villages to supersede the definitions of abandoned vehicles in section 1224. Cf. Vehicle and Traffic Law § 1630(19) (certain public authorities, commissions and state agencies may supersede Vehicle and Traffic Law with respect to, inter alia, the time before which vehicles are deemed abandoned pursuant to section 1224); id. § 1642(20) (same, cities with population over one million).
Subdivision B of Village Code 319-55, however, does not expressly define a vehicle left on a public street or municipal parking area for more than 24 consecutive hours as "abandoned"; it merely states that such vehicle will be considered to be parked unlawfully and removed and impounded, and that the cost of such removal is to be paid by the vehicle's owner or representative. While section 1224 governs transfer of ownership and disposition of abandoned vehicles, your local law governs only the removal and impoundment of vehicles. Impoundment connotes temporary custody by a government authority, Black's Law Dictionary 760 (7th ed. 1999), rather than transfer of ownership as permitted under section 1224. Thus, as long as the Village does not treat vehicles impounded pursuant to this local law as "abandoned" within the meaning of section 1224, it does not conflict with that provision.
B. Delegated Authority under Other Provisions of the Vehicle and TrafficLaw
Although we have concluded that the Village law as written does not conflict with section 1224, it must still be consistent with other provisions of the Vehicle and Traffic Law, including the provisions governing traffic regulation by villages. While provisions of the Vehicle and Traffic Law authorize the impoundment of illegally parked vehicles under specific circumstances not present here, such provisions do not appear to preempt the Village law. Moreover, we believe a local law providing for the removal and impoundment of vehicles parked in violation of a local parking restriction falls within a village's general authority to regulate parking, and will be authorized as long as local conditions justify the prompt removal of such vehicles.
The Vehicle and Traffic Law expressly delegates to the legislative body of a village authority to provide for the removal and storage of unattended vehicles when they are "parked or abandoned on highways during snowstorms, floods, fires or other public emergencies, or found unattended where they constitute an obstruction to traffic or any place where stopping, standing or parking is prohibited, and for the payment of reasonable charges for such removal and storage by the owner or operator of any such vehicle." Vehicle and Traffic Law §1640(a)(14); see id. § 1204(b)(1) (police authorized to remove unattended vehicles that are obstructing traffic or parked where stopping, standing or parking are prohibited). We conclude that a local providing for the removal of a motor vehicle that remains parked on a public street or parking areas for more than 24 hours in violation of a local parking restriction neither conflicts with nor is expressly authorized by these specific impoundment provisions.
Although sections 1204 and 1640 speak of the removal of vehicles found unattended "where . . . parking is prohibited," we believe the statutory reference to places where parking is prohibited refers to places where parking is not allowed, rather than to places where parking is permitted for a limited time period. In the absence of legislative history indicating a different meaning, the phrase "where . . . parking is prohibited" should be construed consistent with the use of these terms in other provisions of the Vehicle and Traffic Law. See Riley v. County ofBroome, 95 N.Y.2d 455, 466 (2000); Statutes § 236, 1 McKinney's Cons. Laws of N.Y. at 401 (1971). In the Vehicle and Traffic Law, a prohibition on parking refers to circumstances in which parking is not allowed under any circumstances; it is distinct from a restriction or limitation on parking, which the Village law imposes. See Vehicle and Traffic Law § 1200(c) ("When parking is prohibited by this article, or by local law, ordinance, order, rule or regulation, no person shall park a vehicle, whether occupied or not, but may stop or stand temporarily for the purpose of and while actually engaged in loading or unloading merchandise or passengers."); id. § 1640(a)(6) (village may "[p]rohibit, restrict or limit the stopping, standing or parking of vehicles") (emphasis added). Therefore, the specific authority to remove and store unattended vehicles that are parked where parking is prohibited is not applicable here.[3]
The absence of specific authority to remove vehicles under the circumstances governed by your local law does not, however, mean that the Village law is unauthorized. First, since your local law provides for the removal and impoundment of parked vehicles under circumstances not addressed by sections 1204 and 1640 of the Vehicle and Traffic Law, there is no direct conflict. Moreover, we do not believe the fact that these provisions specifically authorizing the removal and storage of certain illegally parked vehicles, i.e. those parked where parking is prohibited, preclude a village from providing for the impoundment of other illegally parked vehicles. These impoundment provisions are not sufficiently detailed and comprehensive so as to evince an intent to "occupy the entire field so as to prohibit additional regulation by local authorities in the same area." Robin v. IncorporatedVillage of Hempstead, 30 N.Y.2d 347, 350 (1972). Moreover, the specific authority to impound certain vehicles must be read in conjunction with a village's broad delegated authority to prohibit, restrict or limit the parking of vehicles on village highways, Vehicle and Traffic Law §1640(a)(6), and to adopt additional reasonable traffic rules as local conditions require, id. § 1640(a)(16).
Importantly, we have previously relied upon these broad grants of authority as authorizing a village to provide for the removal of vehicles under circumstances not specifically addressed in the statutory delegations contained in section 1640. See 1977 Op. Att'y Gen. (Inf.) 245 (village may enact local law providing for removal of vehicle delinquent on six or more parking meter violations); see also Op. Att'y Gen. (Inf.) No. 81-87 (village may enact local law authorizing attachment of "boot" on vehicles cited for three or more parking regulations). We believe these grants of authority, along with the delegation to villages under Vehicle and Traffic Law § 1640(b) to regulate parking on village property, similarly authorize your local law.
The authority to impound illegally parked vehicles logically flows from a village's authority to restrict, limit and prohibit parking. And, as we have previously recognized, a village may fix a reasonable fee to assess the cost of regulation against the owner or agent. See Op. Att'y Gen. (Inf.) No. 83-12 (village may assess fee for reasonable cost of attaching and removing "boot" used as part of local traffic regulatory program). With respect to the omnibus grant of authority to adopt additional reasonable traffic rules as local conditions require, "the reasonableness of such additional local enactments or directives may be evaluated and measured by comparing them with the particular powers that were delegated expressly by the other subdivisions." People v. Grant, 306 N.Y. 258, 263
(1954) (construing predecessor to section 1640(a)(16)). A local law authorizing the removal of vehicles parked for more than 24 consecutive hours does not appear appreciably different from the express delegation to impound vehicles left unattended where parking is prohibited. Therefore, if the Village determines that local conditions justify the removal of vehicles parked for more than 24 hours, the local law, insofar as it applies to village highways and parking areas,[4] appears to fall within these Vehicle and Traffic Law delegations.
C. Due Process Limitations
Although the Village law may be consistent with state law, we have previously noted that a local law providing for the removal and impoundment of motor vehicles must also be consistent with principles of procedural due process. See Op. Att'y Gen. (Inf.) No. 93-34; Op. Att'y Gen. (Inf.) No. 81-87. While the seizure of a vehicle serves a significant government interest by assisting in the enforcement of traffic regulations, because impoundment interferes with the vehicle owner's property interests, public safety and convenience must warrant the prompt removal of the illegally parked vehicles subject to the local law. See Op. Att'y Gen. (Inf.) No. 81-87. This is a determination that must be made by local officials familiar with local parking conditions. Moreover, we note that vehicle impoundment provisions have been upheld where the owner was able to reclaim the vehicle upon paying a fee and a reasonably prompt post-seizure hearing was available to contest the underlying parking violation. See City of Los Angeles v. David,123 S.Ct. 1895 (2003) (rejecting due process challenge to post-seizure hearing held 30 days after vehicle was towed where owner was able to reclaim vehicle upon paying towing and storage charges); Goichman v.Aspen, 859 F.2d 1466 (10th Cir. 1988); see also Op. Att'y Gen. (Inf.) No. 81-87.
In sum, to the extent that the 24-hour provision of subdivision B of section 319.55 of the Village Code is construed as an "abandonment" provision, it is preempted by Vehicle and Traffic Law §1224. To the extent that it may be otherwise viewed as a valid parking restriction, it may be enforced, so long as the local law complies with due process requisites.
The Attorney General renders formal opinions only to officers and departments of state government. This perforce is an informal opinion and unofficial expression of the views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
By: _____________________________
DENISE A. HARTMAN
Assistant Solicitor General
[1] Section 319-55 of the Village Code provides in full:
 A. When any vehicle is parked or abandoned on any street, street right-of-way, highway or parking area within this village during a snowstorm, flood, fire or other public emergency which affects that portion of the public street, street right-of-way, highway or parking area upon which said vehicle is parked or abandoned, or when any vehicle is found unattended on any street, street right-of-way, highway or parking lot within the village where said vehicle constitutes an obstruction to traffic or when any vehicle is parked or abandoned on any street, street right-of-way, highway or parking lot within this village where stopping, standing or parking is prohibited, said vehicle may be removed by or under the direction of the Police Department of the Village of Port Chester.
 B. It shall be unlawful to, and no motor vehicle may, be parked on any public street or parking area for more than twenty-four (24) consecutive hours. Any automobile found to be parked on any public street or parking area for twenty-four (24) consecutive hours or more may be removed by the village and impounded, and such removal shall be paid by such owner, his agent or representative.
[2] We note that subdivision B of the local law appears to be internally inconsistent in that it provides that vehicles may not be parked for more than 24 consecutive hours, but authorizes the Village to remove and impound vehicles that are parked for 24 consecutive hours ormore. Thus, with respect to a vehicle that is legally parked for exactly 24 hours, the local law appears to allow for its removal notwithstanding that the vehicle is not yet illegally parked. We assume that this internal inconsistency represents a drafting error and do not address it further.
[3] Notably, it appears that subdivision A of section 319-55 of the Village Code, which does provide, inter alia, for the removal of vehicles when parked where stopping, standing or parking is prohibited, was enacted pursuant to the specific authority granted in Vehicle and Traffic Law § 1640(a)(14).
[4] Under Vehicle and Traffic Law § 1640, a village may not regulate traffic on state highways within the village without written approval of the Department of Transportation. Vehicle and Traffic Law §§ 1640(a), 1684.