■ In the Matter of Mark D. Smilow, Petitioner, v New York State Department of Motor Vehicles et al., Respondents. [944 NYS2d 248]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated July 13, 2010, which confirmed the findings of an administrative law judge, made after a hearing, that the petitioner violated Vehicle and Traffic Law § 1225-c (2) (a), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination that the petitioner "operate[d] a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle [was] in motion" (Vehicle and Traffic Law § 1225-c [2] [a]) was supported by substantial evidence (*see generally Matter of Peterson v State of N.Y. Dept. of Motor Vehs.*, 90 AD3d 1055 [2011], *lv denied* 18 NY3d 810 [2012]). A police officer credibly testified at a hearing that she had observed the petitioner, while he was driving his car westbound on Hamilton Avenue, with a "cell phone . . . in [his] right hand . . . approximately three to five inches from [his] right ear." At the hearing, aside from disputing the exact distance between the phone and his ear, the petitioner conceded that the police officer's testimony was "pretty accurate." According to Vehicle and Traffic Law § 1225-c (2) (b), "[a]n operator of a motor vehicle who holds a mobile telephone to, or in the immediate proximity of his or her ear while such vehicle is in motion is presumed to be engag[ed] in a call" (*id.*). That presumption was not rebutted in this case.

Contrary to the petitioner's contention, his claim that the device that he was using at the time of the offense was a "speaker enabled iPhone" does not negate the police officer's testimony that, while the petitioner was driving a motor vehicle, he was in fact using one of his hands to hold the device next to his ear. While "the use of a hands-free mobile telephone" by a person who is operating a vehicle is in certain circumstances permissible (Vehicle and Traffic Law § 1225-c [3] [c]), the relevant statute defines a "[h]ands-free mobile telephone" as one that "has an internal feature or function, or that is equipped with an attachment or addition, whether or not permanently part of such mobile telephone, *by which a user engages in a call without the use of either hand*" (Vehicle and Traffic Law § 1225-c [1] [e] [emphasis added]). There is no proof to support the proposition that, at the time of the infraction, the petitioner was "engage[d] in a call without the use of either hand"; the record, on the contrary, very clearly supports the finding that he was using one of his hands to hold the phone "in the immediate proximity of his . . . ear" (Vehicle and Traffic Law § 1225-c [1] [e]; [2] [b]; *see People v Gay*, 18 Misc 3d 1114[A], 2008 NY Slip Op 50025[U] [2008] [Just Ct Town of Webster 2008]; *People v Smith*, 24 Misc 3d 1212[A], 2009 NY Slip Op 51431[U] [2009] [Ithaca City Ct 2009]).

The petitioner's remaining contentions are without merit. Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.