■ In the Matter of ROSALYN SNITOW, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents.
[996 NYS2d 55]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated April 16, 2012, which confirmed the determination of an administrative law judge dated July 28, 2011, after a hearing, finding that the petitioner had violated Vehicle and Traffic Law § 1225-c (2) (a), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of the subject determination is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record (*see Matter of*

*Smilow v New York State Dept. of Motor Vehs.*, 95 AD3d 1023, 1024 [2012]; *Matter of Peterson v State of N.Y. Dept. of Motor Vehs.*, 90 AD3d 1055 [2011]).

The determination that the petitioner violated Vehicle and Traffic Law § 1225-c (2) (a) is supported by substantial evidence. The police officer's testimony that he observed the petitioner operating a cell phone with her left hand to her left ear without using a hands-free device gave rise to a presumption (*see* Vehicle and Traffic Law § 1225-c [2] [b]) that the petitioner was engaged in a call in violation of Vehicle and Traffic Law § 1225-c (2) (b). In response, the petitioner failed to submit evidence to rebut the presumption (*see* Vehicle and Traffic Law § 1225-c [2] [b]; *Matter of Smilow v New York State Dept. of Motor Vehs.*, 95 AD3d at 1024). Moreover, the factfinder was entitled to disregard the petitioner's testimony that she was utilizing a hands-free device at the time the police officer observed her, as this presented an issue of credibility and there is no basis in the record to overturn the factfinder's credibility determination in this regard (*see Matter of Peterson v State of N.Y. Dept. of Motor Vehs.*, 90 AD3d at 1055).

The petitioner's remaining contentions are without merit. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.