Matter of Klein v City of N.Y. Dept. of Fin. Parking Violations Bur. (2020 NY Slip Op 07574)





Matter of Klein v City of N.Y. Dept. of Fin. Parking Violations Bur.


2020 NY Slip Op 07574


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-06398
 (Index No. 513597/16)

[*1]In the Matter of Bernard Klein, appellant, 
v
City of New York Department of Finance Parking Violations Bureau, respondent.


Newman & Greenberg LLP, New York, NY (William J. Dobie and Steven Y. Yurowitz of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Lorenzo Di Silvio of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the City of New York Department of Finance Parking Violations Bureau, the petitioner appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 27, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On February 24, 2016, a reinstatement hearing was held before an Administrative Law Judge (hereinafter ALJ) based upon the respondent's contention that the petitioner had procured the dismissals of 130 summonses by fraud in that the petitioner had altered his window registration sticker to induce the issuing officers to misdescribe the registration type. The ALJ found the petitioner in default and found that the respondent had met its burden of demonstrating that the petitioner had procured the dismissals by fraud. Nevertheless, the ALJ only reinstated six of the disputed summonses, holding that the other summonses were defective. The respondent appealed to the respondent's Appeals Board, which reversed the ALJ's determination, reinstated all of the summonses, and imposed treble fines. The petitioner commenced this proceeding pursuant to CPLR article 78 asserting, inter alia, that the summonses were defective, and the penalty was excessive. The respondent answered the petition, denied the material allegations, and raised several affirmative defenses. The Supreme Court denied the petition and, in effect, dismissed the proceeding. We affirm.
Judicial review of an administrative determination made after a hearing at which evidence was taken is limited to whether the determination is supported by substantial evidence based upon the entire record (see CPLR 7803[4]; Matter of Snitow v New York State Dept. of Motor Vehs., 121 AD3d 1008). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Further, the interpretation and construction of a statute by the agency charged with its enforcement is entitled to great deference and should not be disturbed unless irrational or unreasonable (see Samiento v World Yacht Inc., 10 NY3d 70, 79; Matter of [*2]Chesterfield Assoc. v New York State Dept. of Labor, 4 NY3d 597, 604).
Here, the respondent's determination was rational and supported by substantial evidence in the record. The petitioner's default at the reinstatement hearing constituted an admission that he had procured the dismissals by fraud (see Vehicle and Traffic Law § 238[2-a][c][iv]). Further, because of the fraud, the respondent was authorized to impose treble fines (see Vehicle and Traffic Law § 238[2-a][c][iii]). Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
AUSTIN, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court