Matter of Holman v Schroeder (2021 NY Slip Op 01509)





Matter of Holman v Schroeder


2021 NY Slip Op 01509


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 158604/19 Appeal No. 13337 Case No. 2020-01263 

[*1]In the Matter of Viviane T. Holman, Petitioner,
v
Mark J.F. Schroeder, etc., et al., Respondents.


Jonathan Rosenberg, PLLC, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Letitia James, Attorney General, New York (Eric R. Haren of counsel), for respondents.



Determination of respondent New York State Department of Motor Vehicles, dated August 5, 2019, which, after a hearing, found that petitioner violated Vehicle and Traffic Law § 1225-c(2)(a) by operating a motor vehicle while using a cell phone to engage in a call while the vehicle was in motion, and imposed a fine of $50 and five points, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol R. Edmead, J.], entered November 14, 2019), dismissed, without costs.
Respondent's determination that petitioner violated Vehicle and Traffic Law § 1225-c(2)(a) is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The officer's testimony that he observed petitioner holding a mobile phone with her right hand to her right ear while her mouth was moving and while she was operating the motor vehicle gave rise to the presumption that petitioner was engaged in a call in violation of the statute, and petitioner failed to rebut this presumption (see Vehicle and Traffic Law § 1225-c[2][b]; Matter of Snitow v New York State Dept. of Motor Vehs., 121 AD3d 1008, 1009 [2d Dept 2014]). Although she submitted evidence that she owned a hands-free device and testified that she was using it at the time she was stopped, this evidence presented credibility issues, and there is no basis in the record for us to reject the factfinder's determination that the officer's testimony was credible.
Petitioner's remaining contention is unpreserved and in any event unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021