Franklin v Chalov (2022 NY Slip Op 05788)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Franklin v Chalov

2022 NY Slip Op 05788

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022
Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 


Index No. 304487/13E, 22800/13E Appeal No. 16475-,16475A Case No. 2021-03000, 2021-03001 

[*1]Gregory Franklin, Plaintiff-Respondent,
vAleksey Chalov et al., Defendants-Appellants, Ryder Truck Rental, Inc., et al., Defendants-Respondents.
Jonathan Nieves, Plaintiff-Respondent,
vReber Corporation et al., Defendants-Appellants.

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola (Neil J. Palmieri of counsel), for appellants.
Law Office of Souren A. Israelyan, New York (Souren A. Israelyan of counsel), for Gregory Franklin, respondent.
Connors & Connors, P.C., Staten Island (Robert J. Pfuhler of counsel), for Ryder Truck Rental, Inc., Jonathan Nieves, KL Productions, Inc., and Kenneth Longert, respondents.
Sobo & Sobo, L.L.P., Middletown (Mark P. Cambareri of counsel), for Jonathan Nieves, respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered July 14, 2021, which, in the case pending under Index No. 304487/13E (Case #1), to the extent appealed from as limited by the briefs, denied the motion of defendants Aleksey Chalov, Reber Corporation, Reber Transportation, and Reber Transport, Inc. for summary judgment dismissing the complaint and all cross claims as against them, and granted the cross motion of plaintiff Gregory Franklin for summary judgment on the issue of liability as against the Reber defendants, unanimously affirmed, without costs. Order, same Court and Justice, entered July 14, 2021, which, in the case pending under Index No. 22800/13E (Case #2), denied the motion of the Reber Corporation and Chalov for summary judgment dismissing the complaint and granted so much of the cross motion of plaintiff Jonathan Nieves for summary judgment on the issue of liability, unanimously affirmed, without costs.
In the motor vehicle accident underlying this appeal, which occurred on I-87 in Rockland County, Chalov was driving a tractor-trailer owned by Reber Corporation, and Nieves was driving a rental box truck owned by defendant Ryder Truck Rental, Inc. Franklin was a passenger in the truck being driven by Nieves. At around 2:30 a.m., Nieves was coming around a curve in the roadway and saw Chalov's truck which, Nieves and others testified, did not have any of its lights on. Nieves swerved to the left but could not avoid colliding with the rear end of Chalov's truck. Nieves and Franklin commenced separate actions to recover for the injuries that they sustained in the collision.
Defendants failed to establish their prima facie entitlement to summary judgment. Although a rear-end collision typically establishes a prima facie case of negligence on the part of the rear-ending driver, that presumption is rebuttable (see Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]). Here, in support of their motions, defendants submitted deposition testimony by Nieves, Franklin, and others, all of whom testified that Chalov's lights were not illuminated at the time of the accident; in submitting that testimony on their motion, defendants adopted it as accurate (see Rosa v 47 E. 34th St. [NY], L.P., Ä AD3d Ä, 2022 NY Slip Op 05144, *3 [1st Dept 2022]). Thus, defendants failed to eliminate issues of fact as to whether Chalov violated the Vehicle and Traffic Law by operating his vehicle without "at least two lighted lamps on the rear, one on each side" (Vehicle and Traffic Law § 375(2)(a)(3); see Nunez v Staley, 48 AD3d 533 [2d Dept 2008]; Tepoz v Sosa, 241 AD2d 449, 449 [2d Dept 1997]).
That same deposition testimony regarding Chalov's failure to turn on the headlights so that they were illuminated at the time of the collision established Nieves's and Franklin's prima facie entitlement to summary judgment on the issue of liability. Defendants failed to raise an issue of fact in opposition because[*2], even construing Chalov's equivocal testimony regarding his pre-trip inspection of his vehicle's lights before the collision in the light most favorable to them, defendants still did not establish, and Chalov never definitively testified, that his vehicle's lights were on at the time of the collision. Moreover, even assuming comparative negligence on Nieves's part, it would not preclude summary judgment on liability (see Rodriguez v City of New York, 31 NY3d 312, 315 [2018]), and there is no suggestion that Franklin was anything other than an innocent passenger at the time of the collision (see Oluwatayo v Dulinayan, 142 AD3d 113, 119 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022