People v Majano (2024 NY Slip Op 50274(U))

[*1]

People v Majano

2024 NY Slip Op 50274(U)

Decided on March 15, 2024

Justice Court Of The Village Of Piermont, Rockland County

Ruby, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
Justice Court of the Village of Piermont, Rockland County

The People of the State of New York, Plaintiff,

against
Herbert A. Majano, Defendant.

Case Nos. 22090047, 23030012

For the People: Lino J. Sciarretta, Esq.; Bleakley Platt & Schmidt, LLP; Pearl River, NY 
For the Defendant: Herbert A. Majano, pro se 

Marc R. Ruby, J.

SYNOPSIS
 A non-owner, motor vehicle operator's liability, is considered, under three sections of the Vehicle & Traffic Law.
 
 RELEVANT FACTS & PROCEDURAL HISTORY
On September 16, 2022, the Piermont Police issued a Uniform Traffic Ticket ("UTT"), accusing the Defendant of using a mobile telephone, in contravention of NY Veh. & Traf. Law § 1225-c(2)(a). Subsequenlty, on February 22, 2023, the Piermont Police issued the Defendant UTT's, accusing him of: 1) an equipment violation, in contravention of NY Veh. & Traf. Law § 375(2)(a)(1)'s directive regarding lighted head lamps, and, 2) driving without a license, in contravention of NY Veh. & Traf. Law § 509(1). All of the charges arise from incidents where the Defendant was operating a motor vehicle.
After initially failing to answer the UTT's, the Defendant eventually entered not-guilty pleas, and personally appeared at this Court's March 6, 2024 Vehicle & Traffic session. The Defendant conferred with the prosecutor, but was unable to resolve the charges via negotiated plea. When his cases were called, the Defendant indicated he wanted to make an oral motion for the dismissal of all three charges, on the grounds that he is not the registered owner of the vehicle he was operating. This Court instructed the Defendant to re-confer and make the prosecutor aware of the motion. At the second call, it became apparent that the prosecutor opposed the Defendant's motion, and that there was still no negotiated plea resolution.
This Court declined to rule on the motion, from the bench, and indicated a written decision would issue, before the cases were set down for trial. For the reasons set forth herein, the Defendant's motion(s) are DENIED in toto.
 
LEGAL ANALYSIS
Analysis commences with the pertinent statutory text of the charges:
NY Veh. & Traf. Law § 1225-c(2)(a) states, "no person shall operate (emphasis added) a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion."
NY Veh. & Traf. Law § 375(2)(a) states, "every motor vehicle [ ], driven (emphasis added) upon a public highway during the period from one-half hour after sunset to one-half hour before sunrise or at any other time when windshield wipers are in use, as a result of rain, sleet, snow, hail or other unfavorable atmospheric condition, and at such other times as visibility for a distance of one thousand feet ahead of such motor vehicle is not clear, shall display [ ] at least two lighted head lamps on the front, one on each side, having light sources of equal power."
NY Veh. & Traf. Law § 509(1) states, "no person shall operate or drive (emphasis added) a motor vehicle upon a public highway of this state or upon any sidewalk or to or from any lot adjacent to a public garage, supermarket, shopping center or car washing establishment or to or from or into a public garage or car washing establishment unless he is duly licensed pursuant to the provisions of this chapter."
As evident by the added emphasis, it is immediately apparent, that the actus reus under all three statutes, is committed when a person operates or drives a motor vehicle. It is equally noteworthy that the proscribed conduct under the statutes is not directed at registrants of motor vehicles. Unsurprisingly, New York's courts have not adopted the argument posited by the Defendant.[FN1]

Throughout the Veh. & Traf. Law, the legislature has specifically imposed equipment-related duties upon owners and operators of motor vehicles. Forse v. Turner, 55 Misc 2d 810, 811 (Sup Ct, Broome Co 1968). And appellate courts have countenanced those duties placed upon drivers. Sewar v. Gagliardi Bros. Serv., 69 AD2d 281, 286 (4th Dept 1979). This is because the legislature has validly concluded that a driver's actions or omissions, are not necessarily neutral or passive. Id. at 288-289. As such, where a section of the Veh. & Traf. Law does not expressly subject a registrant to fines or penalties for committing a violation, courts should not impose liability, where none exists. People v. O'Neill, 134 Misc 2d 536, 537 (Oswego City Ct 1987).
To this end, the driver of a motor vehicle, belonging to someone else, can be held liable for a registration violation, where the statute proscribes the operation (emphasis added) of an unregistered vehicle. People v. Hakimi-Fard, 137 Misc 2d 116, 119 (Yonkers City Ct 1987). So, it is hardly controversial that non-owner operators can even be held liable for an insurance violation—provided the operator knows the vehicle is not insured. People v. Reyes, 75 Misc 3d 131(A), 2022 NY Slip Op. 50443(U), *1 (App Term, 2d Dept, 9th & 10th Jud Dists 2022).
Lest there be any doubt, as specifically applicable the instant charges:
NY Veh. & Traf. Law § 1225-c(2)(a): Inasmuch as cellular phones distract motorists, the responsibility of managing and avoiding these inherent distractions is squarely on the motor vehicle's operator. Vega v. Crane, 162 AD3d 167, 170 (4th Dept 2018).
NY Veh. & Traf. Law § 375(2)(a): Section 375 of the Vehicle & Traffic law draws [*2]distinctions between violations committed by registrants, and violations committed by operators; courts must interpret such laws as written. People v. O'Neill, 134 Misc 2d 536, 537 & 538 (Oswego City Ct 1987). To be sure, Veh. & Traf. Law § 375(2)(a) is violated by operating (emphasis added) a vehicle without adequate lights. Franklin v. Chalov, 209 AD3d 524, 525 (1st Dept 2022). The duty of inspecting motor vehicles, and related equipment, for dangers which would render the use of the vehicle dangerous, derives from operation, more than from ownership. Fried v. Korn, 1 NY2d 691, 692-693 (1956).
NY Veh. & Traf. Law § 509(1): When a non-owner operator of a motor vehicle fails to produce a driver's license during a traffic stop, she is statutorily (but rebuttably) presumed to be unlicensed. People v. Clark, 64 Misc 3d 171(A), 2019 NY Slip Op. 50980(U), *3 (App Term 2019).
 
DISCUSSION
In Matter of Smilow v. New York State Dept. of Motor Vehicles, 95 AD3d 1023, 1024 (2d Dept 2012), an administrative determination that a driver contravened NY Veh. & Traf. Law § 1225-c(2)(a), was upheld, where he "operate[d] a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle [was] in motion." Smilow, supra, at 1024.
In Forse, supra, a driver borrowed a 1965 MG, and his passenger died after a collision. The MG was not equipped with seat belts, in contravention of the Veh. & Traf. Law. The decedent's estate brought suit against the driver of the MG and its owner. In relevant part, the estate contended the owner and driver were negligent for not equipping the MG with seat belts. However, Supreme Court granted the owner's motion and the driver's motions to dismiss, because the statute did not place a duty to install seatbelts upon either owners, or operators.
In People v. Borg, 137 Misc 2d 516 (Just Ct Kings Point 1987), a father let his minor son ride the father's motorcycle, in a private parking lot. After the son took the bike beyond the lot, and onto the public highway, the father was charged with contravening NY Veh. & Traf. Law 509(1) & (4). However, the Borg Court granted the father's motion to dismiss, because 509(1) & (4) did not expressly state whether a conviction required a defendant's knowledge that an unlicensed person would operate a motor vehicle. Borg, supra, at 517.
In Guay v. Winner, 189 AD2d 1081 (3d Dept 1993), a motorcycle dealer did not contravene Veh. & Traf. Law § 509, by selling a bike to an unlicensed operator, who drove off the lot, and promptly collided with another vehicle. Meanwhile, years earlier, in People v. Crean, 206 Misc. 311 (Westchester Co Ct 1954), an unlicensed operation conviction, entered against a vehicle's owner, for a violation committed by another authorized driver, was revered. There, the Crean Court held the statute did not impose a duty onto vehicle owners, to reasonably inquire whether someone was duly licensed, before permitting them to drive. Crean, supra, at 312.
Here, the Defendant's argument(s) is completely unavailing, and wholly without basis in law. For starters, the statutory text raises an insuperable barrier to relief. To be sure, each statute the Defendant stands charged with contravening, proscribes conduct committed by a driver or an operator. Notably, the Defendant has not contended he wasn't operating the vehicle in question. On the contrary, he has contended he was operating someone else's vehicle. Accordingly, the Defendant is properly charged under Forse, Sewar, Reyes, and Hakimi-Fard.
Specifically, regarding the use of a mobile phone charge, the proscribed conduct is directed against the statutorily "distracted" operator, under Vega and Smilow. And although the subject vehicle might not belong to the Defendant, the inadequate light charge is entirely proper [*3]under Franklin, as well as Fried. Finally, and perhaps most saliently, the unlicensed operation charge is appropriate under Clark, Crean, and Borg. After all, when an operator is personally unlicensed, the operator is in a better position to know something is amiss, than the vehicle's registrant. 
It also bears noting, the Defendant has stopped short of arguing the registered owner should instead be prosecuted for the Defendant's alleged transgressions. Although such a question is not before the Court, and without rendering an advisory opinion, both O'Neill and Forse, would foreclose this proposition.
 
ORDER
The Defendant's motion(s) are DENIED in toto. The Defendant retains the right to plead guilty to any, or all of charges. If any charges still remain unresolved, the Defendant shall appear in this Court, at 5:00 P.M., on Wednesday, May 1, 2024, and confer with the prosecutor. If the parties do not arrive at a negotiated resolution, any pending charges shall immediately proceed to trial.
 Dated: March 15, 2024
Marc R. Ruby
Village Justice
Piermont, N.Y.

Footnotes

Footnote 1: Nevertheless, this Court acknowledges and appreciates the Defendant's pro se poise, and creativity in advocating for himself.