Kassai v Trump Mgt. Inc. (2025 NY Slip Op 05884)

Kassai v Trump Mgt. Inc.

2025 NY Slip Op 05884

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet, J.P., Moulton, Scarpulla, González, Michael, JJ.

Index No. 161322/18|Appeal No. 5011|Case No. 2025-00199|

[*1]Philip Kassai, Plaintiff-Respondent,

v

Trump Management Inc., et al., Defendants-Appellants.

Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 6, 2025, which denied defendants' motion for summary judgment dismissing the amended complaint, unanimously affirmed, without costs.

In support of their motion, defendants submitted the transcripts of plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and at depositions in this case, thereby adopting them as accurate (see Gkoumas v Lewis Constr. & Architectural Mill Work, 233 AD3d 609, 609 [1st Dept 2024]; Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596, 597 [1st Dept 2022]; Franklin v Chalov, 209 AD3d 524, 525 [1st Dept 2022]; Rosa v 47 E. 34th St. [NY], L.P., 208 AD3d 1075, 1079 [1st Dept 2022]). Plaintiff's testimony that he was informed by a rink attendant after his accident that five other accidents had occurred that day in the same area as his accident raised issues of fact as to constructive notice (see generally Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). This testimony was not hearsay, as it conveyed an opposing-party statement (CPLR 4549; see BL Doe 5 v Fleming, 229 AD3d 1076, 1078-1080 [4th Dept 2024]; Broome Lender LLC v Empire Broome LLC, 220 AD3d 611, 611 [1st Dept 2023]).

In addition, Kaplan's attestation to seeing multiple other skaters fall and be injured in the same area that plaintiff later fell, and to seeing each of those other skaters being tended to by rink attendants, also raises issues of fact as to defendants' constructive notice of a dangerous, recurring condition (see generally Velocci, 188 AD3d at 439).

We have considered the remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 23, 2025