People v Reyes (2022 NY Slip Op 50443(U))

[*1]

People v Reyes (Alex)

2022 NY Slip Op 50443(U) [75 Misc 3d 131(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-361 S C

The People of the State of New York,
Appellant,
against
Alex Reyes, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
The Cassar Law Firm, P.C. (Pierre Bazile of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Patricia M. Filiberto, J.H.O.), dated May 22, 2021. The order
granted defendant's motion to vacate a default judgment entered pursuant to Vehicle and Traffic
Law § 1806-a.

ORDERED that the order is reversed, without costs, and defendant's motion to vacate the
default judgment is denied.
In August 2016, defendant was charged in two simplified traffic informations with,
respectively, operating a motor vehicle without insurance (Vehicle and Traffic Law § 319
[1]) and operating a motor vehicle without, or with inadequate, stop lamps (Vehicle and Traffic
Law § 375 [40] [b]). The informations instructed defendant to answer by mail or in person
before the Suffolk County Traffic and Parking Violations Agency (SCTPVA) by a specified date
and time, which defendant failed to do. In 2018, guilty pleas were entered on defendant's behalf
and a civil default judgment was subsequently entered against defendant (see Vehicle and
Traffic Law § 1806-a). Thereafter, defendant, by his attorney, moved to, among other
things, vacate the "default convictions" pursuant to CPL 440.10, which motion the People
opposed. The District Court, by order dated May 22, 2021, converted the CPL 440.10 motion to a
CPLR 5015 motion, found that defendant had failed to establish both a reasonable excuse for his
defaults and meritorious defenses to the accusatory instruments (see CPLR 5015 [a] [1]),
but granted the motion in the interest of justice, noting that defendant did not own the vehicle in
question.
On appeal, the People contend that the District Court improvidently exercised its discretion
in converting the motion. However, even assuming that the motion was properly converted, the
People assert that the court should have summarily denied the CPLR 5015 motion as untimely or,
in the alternative, should have denied the motion on the ground that defendant failed to establish
a reasonable excuse for his defaults. The People also contend that the court [*2]was not empowered to vacate the default judgment in the interest of
justice.
We have previously held that a default judgment imposed pursuant to Vehicle and Traffic
Law § 1806-a is civil in nature (see
People v Rosano, 39 Misc 3d 126[A], 2013 NY Slip Op 50410[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2013]). Even though both CPL 440.10 and CPLR 5015 concern the
vacatur of judgments, defendant did not address any specific CPLR 5015 ground for vacatur in
his papers in support of his motion. Assuming, arguendo, that the District Court did not
improvidently exercise its discretion in converting the motion, it is well established that the
"grounds enumerated in CPLR 5015 [subd (a)] were not intended to limit the traditional power of
a court to grant relief from an order or judgment in the interests of justice and the exercise of its
discretion" (Government Empls. Ins. Co. v Employers Commercial Union Ins. Co., 62
AD2d 123, 127 [1978]; see also Woodson v Mendon Leasing Corp., 100 NY2d 62, 68
[2003]; 40 BP, LLC v Katatikarn,
147 AD3d 710, 711 [2017]; David D. Siegel, Practice Commentaries, McKinney's Cons
Laws of NY, Book 7B, CPLR C5015:11). With respect to interest of justice relief, the Court of
Appeals has held that a "court's inherent power to exercise control over its judgments is not
plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,]
mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of
Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984] [citation omitted];
see Katz v Mara, 74 AD3d 888, 891 [2010] [finding that the case did not warrant the
"invocation of a court's inherent power to vacate its orders and judgment in the interest of
substantial justice (since) . . . there is nothing unique or unusual about th(e) case"]). Here, there is
nothing unique or unusual about the case (see Matter of McKenna v County of Nassau,
Off. of County Attorney, 61 NY2d at 742 [internal quotation marks omitted]; Katz v
Mara, 74 AD3d at 891). Consequently, the District Court improvidently exercised its
discretion in vacating the default judgment in the interest of justice. We note that a non-owner
operator of a vehicle violates Vehicle and Traffic Law § 319 (1) if that person operates a
vehicle without insurance and has knowledge of the fact that the vehicle is not insured (see People v Evans, 64 Misc 3d
140[A], 2019 NY Slip Op 51242[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]; People v Clark, 64
Misc 3d 127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2019]; People v Weinert, 178 Misc 2d 675 [App Term, 2d Dept, 9th & 10th
Jud Dists 1998]).
Accordingly, the order is reversed and defendant's motion is denied.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022