People v McNeil (2022 NY Slip Op 50437(U))

[*1]

People v McNeil (Tyler)

2022 NY Slip Op 50437(U) [75 Misc 3d 131(A)]

Decided on May 26, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 26, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2021-269 S C

The People of the State of New York,
Appellant,
against
Tyler McNeil, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
McGuire, Pelaez & Bennett, P.C. (Brett J. Bennett of counsel), for respondent (no brief
filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (W. Alexander Melbardis, J.H.O.), entered April 23, 2021. The order
granted defendant's motion to vacate a default judgment entered pursuant to Vehicle and Traffic
Law § 1806-a upon the charge of operating a motor vehicle without insurance and, in the
interest of justice, conditionally granted dismissal of the accusatory instrument charging that
offense.

ORDERED that the order is affirmed, without costs.
Defendant, insofar as is relevant to this appeal, was charged in a simplified traffic
information with operating a motor vehicle without insurance (Vehicle and Traffic Law §
319 [1]). On June 18, 2019, upon defendant's failure to "answer," a guilty plea was entered on his
behalf and the court awarded a default judgment of a fine (see Vehicle and Traffic Law
§ 1806-a). On November 7, 2019, a civil default judgment was entered against
defendant.
On February 5, 2021, defendant moved to vacate the default judgment with respect to the
Vehicle and Traffic Law § 319 (1) charge and, upon such vacatur, to dismiss that charge. In
support of the motion, defendant alleged that he was not the owner of the vehicle he was
operating and that, instead, the vehicle was owned by the father of his then-girlfriend. In addition,
he alleged that, after he separated from his girlfriend, he was homeless from September 2018 to
August 2019. He was not working and his driver's license was suspended. He was unable to
answer the ticket since he had no means of transportation. Moreover, the pandemic made things
difficult for him.
The People opposed the motion, arguing that defendant was properly served with a notice of
default conviction at defendant's address of record with the Department of Motor Vehicles. On
November 7, 2019, a civil judgment was entered against defendant and a notice of judgment
[*2]was delivered via certified mail to defendant at his address of
record. The People asserted that defendant's motion should be denied as untimely since more
than one year had passed from the date the judgment was entered. Moreover, the People
contended, defendant had not demonstrated a meritorious defense or a reasonable excuse for the
default.
The District Court granted defendant's motion to vacate the "default conviction" on the
charge of operating a motor vehicle without insurance and conditionally dismissed that charge in
the interest of justice subject to the People having 15 days from the date of the order to serve on
defense counsel and the court a sworn statement that the vehicle in question was owned by
defendant and was uninsured at the time of the incident, in which case the matter would be set
down for a discovery conference and for trial. 
On appeal, the People's sole contention with respect to so much of the order as granted the
branch of defendant's motion seeking to vacate the default judgment is that this branch of the
motion was untimely. Contrary to the People's contention, the branch of the motion seeking to
vacate the default judgment pursuant to CPLR 5015 (a) (1) was not untimely as the record fails to
contain proof of service of a copy of the judgment with written notice of its entry upon defendant
(see CPLR 5015 [a] [1]). Thus, defendant's time to move to vacate the default judgment
has not been shown to have begun to run (see Empire Portfolios, Inc. v Margolin, 18 Misc 3d 126[A], 2007
NY Slip Op 52360[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). In any event, a
court has the inherent authority to "vacate its own judgment for sufficient reason and in the
interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68
[2003]). We further find that the People's challenge to so much of the order as conditionally
dismissed, in the interest of justice, the charge of operating a motor vehicle without insurance
lacks merit. 
Accordingly, the order is affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 26, 2022