People v Montezuma (2022 NY Slip Op 51108(U))

[*1]

People v Montezuma (Justin)

2022 NY Slip Op 51108(U) [77 Misc 3d 127(A)]

Decided on October 20, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through January 17, 2023; it will not be
published in the printed Official Reports.

Decided on October 20, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-647 S C

The People of the State of New
York, Appellant,
against
Justin Montezuma, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Justin Montezuma, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Debra Urbano-DiSalvo, J.H.O.), dated
September 16, 2021. The order granted defendant's motion to vacate a default judgment
entered pursuant to Vehicle and Traffic Law § 1806-a upon a charge of operating a
motor vehicle without insurance, and, upon such vacatur, to dismiss the simplified traffic
information charging that offense.

ORDERED that the order is reversed, without costs, and the matter is remitted to the
District Court of Suffolk County, Suffolk County Traffic and Parking Violations
Agency, for a new determination, following a hearing, of defendant's motion to vacate a
default judgment entered pursuant to Vehicle and Traffic Law § 1806-a upon a
charge of operating a motor vehicle without insurance, and, upon such vacatur, to
dismiss the simplified traffic information charging that offense.
Insofar as is relevant to this appeal, defendant was charged in a simplified traffic
information with operating a motor vehicle without insurance (Vehicle and Traffic Law
§ 319 [1]). Upon defendant's alleged failure to "answer," the court entered a guilty
plea on his behalf and "render[ed] a default judgment of a fine" (Vehicle and Traffic Law
§ 1806-a). Thereafter, a civil default judgment was entered against defendant.
Defendant moved pursuant to CPLR 5015 (a) to vacate the default judgment and, upon
such vacatur, to dismiss the simplified traffic [*2]information charging that offense. The People opposed the
motion and, in an order dated September 7, 2021, the court granted it, vacated the default
judgment, and dismissed the simplified traffic information. The People appeal.
A default judgment entered pursuant to Vehicle and Traffic Law § 1806-a is
"civil in nature" (Vehicle and Traffic Law § 1806-a [1]; see People v Iverson, 37 NY3d
98, 104 [2021]; People v Reyes, 64 Misc 3d 127[A], 2022 NY Slip Op
50443[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Consequently, a
motion brought pursuant to CPLR 5015 (a) (1) is a proper way to obtain relief from such
a default judgment (see Keis v
Margiotta, 174 AD3d 697 [2019]; Reyes, 2022 NY Slip Op 50443[U]).
CPLR 5015 (a) (1) requires a defendant to demonstrate a reasonable excuse for the
default and a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr.
Co., 67 NY2d 138, 141 [1986]). Here, we find that there is an issue of fact as to
whether defendant failed to "answer," i.e., whether he defaulted in this action, given the
conflicting claims in the motion and opposition papers regarding whether defendant
timely mailed the summons with a not guilty plea to the District Court of Suffolk County,
Suffolk County Traffic and Parking Violations Agency. Should it be determined that
defendant did, in fact, timely mail the summons with a not guilty plea to the court, it
would have been barred from entering a default judgment against him (see
Iverson, 37 NY3d at 101, 103). 
We pass upon no other issue. 
Accordingly, the order is reversed and the matter is remitted to the District Court of
Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new
determination, following a hearing, of defendant's motion to vacate a default judgment
entered pursuant to Vehicle and Traffic Law § 1806-a upon a charge of operating a
motor vehicle without insurance, and, upon such vacatur, to dismiss the simplified traffic
information charging that offense.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 20,
2022