People v Davis (2022 NY Slip Op 51229(U))

[*1]

People v Davis (Izaria)

2022 NY Slip Op 51229(U) [77 Misc 3d 131(A)]

Decided on November 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-616 S C

The People of the State of New
York, Appellant,
against
Izaria Davis, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Timothy P. Manning, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), dated
September 7, 2021. The order granted defendant's motion to vacate three default
judgments entered pursuant to Vehicle and Traffic Law § 1806-a upon charges of
operating an unregistered motor vehicle, operating a motor vehicle with improper license
plates and operating a motor vehicle without a license, respectively, and, upon such
vacatur, to dismiss the simplified traffic informations charging those offenses.

ORDERED that the order, insofar as it granted the branch of defendant's motion
seeking to vacate three default judgments, is affirmed, without costs; and it is
further,
ORDERED that the order, insofar as it granted the branch of defendant's motion
seeking to dismiss the three simplified traffic informations, is affirmed.
Insofar as is relevant to this appeal, defendant was charged in three simplified traffic
informations with operating an unregistered motor vehicle (Vehicle and Traffic Law
§ 401 [1] [a]), operating a motor vehicle with improper license plates (Vehicle and
Traffic Law § 402 [4]) [*2]and operating a motor
vehicle without a license (Vehicle and Traffic Law § 509 [1]), respectively. Upon
defendant's failure to "answer," the court entered guilty pleas on her behalf and
"render[ed] [] default judgment[s] of [] fine[s]" (Vehicle and Traffic Law §
1806-a). Thereafter, three civil default judgments were entered against defendant.
Defendant moved to vacate the three default judgments pursuant to CPLR 5015 (a) and,
upon such vacatur, to, among other things, dismiss the three simplified traffic
informations charging those offenses. The People opposed the motion and, in an order
dated September 7, 2021, the court granted it, vacated the three default judgments, and,
pursuant to CPL 170.40, dismissed the three simplified traffic informations in
furtherance of justice. The People appeal.
A default judgment entered pursuant to Vehicle and Traffic Law § 1806-a is
"civil in nature" (Vehicle and Traffic Law § 1806-a [1]; see People v Iverson, 37 NY3d
98, 104 [2021]; People v Reyes, 64 Misc 3d 127[A], 2022 NY Slip Op
50443[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Consequently, a
motion brought pursuant to CPLR 5015 (a) (1) is a proper way to obtain relief from such
a default judgment (see Keis v
Margiotta, 174 AD3d 697 [2019]; Reyes, 2022 NY Slip Op 50443[U]).
Thus, so much of the appeal as is from the portion of the order granting the branch of
defendant's motion seeking to vacate the default judgments is civil in nature.
On a motion brought pursuant to CPLR 5015 (a) (1), a defendant must demonstrate a
reasonable excuse for the default and a meritorious defense (see Eugene Di Lorenzo,
Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, we find that, in
support of her motion, defendant demonstrated reasonable excuses for the defaults and
meritorious defenses and, consequently, the court properly vacated the three default
judgments. 
Additionally, so much of the appeal as is from the portion of the order granting the
branch of defendant's motion seeking, upon vacatur of the default judgments, to dismiss
the simplified traffic informations is criminal in nature. Here, we find that, upon reciting
its reasons on the record, the court did not improvidently exercise its discretion in
dismissing the simplified traffic informations in furtherance of justice (see CPL
170.40; People v McNeil,
75 Misc 3d 131[A], 2022 NY Slip Op 50437[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2022]). 
Accordingly, the order is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 17,
2022