People v Davis (2022 NY Slip Op 51228(U))

[*1]

People v Davis (Izaria)

2022 NY Slip Op 51228(U) [77 Misc 3d 130(A)]

Decided on November 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-615 S C

The People of the State of New
York, Appellant,
against
Izaria Davis, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Timothy P. Manning for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), dated
September 9, 2021. The order, insofar as appealed from, granted the branches of
defendant's motion seeking to vacate three default judgments entered pursuant to Vehicle
and Traffic Law § 1806-a upon charges of operating a motor vehicle without
insurance, operating a motor vehicle with an inoperable stop lamp and operating an
unregistered motor vehicle, respectively, and, upon such vacatur, to set the matters down
for a discovery compliance conference.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Insofar as is relevant to this appeal, defendant was charged in simplified traffic
informations with operating a motor vehicle without insurance (Vehicle and Traffic Law
§ 319 [1]), operating a motor vehicle with an inoperable stop lamp (Vehicle and
Traffic Law § 375 [40] [b]) and operating an unregistered motor vehicle (Vehicle
and Traffic Law § 401 [1] [a]), respectively. Upon defendant's failure to "answer,"
the court entered guilty pleas on her behalf and "render[ed] [] default judgment[s] of []
fine[s]" (Vehicle and Traffic Law § 1806-a). Thereafter, three civil default
judgments were entered against defendant. Defendant moved to [*2]vacate the three default judgments pursuant to CPLR 5015
(a) and, upon such vacatur, to schedule a conference or dismiss the simplified traffic
informations. The People opposed the motion and, in an order dated September 9, 2021,
the court granted the motion to the extent of vacating the three default judgments and
setting the matters down for a discovery compliance conference. The People appeal.
A default judgment entered pursuant to Vehicle and Traffic Law § 1806-a is
"civil in nature" (Vehicle and Traffic Law § 1806-a [1]; see People v Iverson, 37
NY3d 98, 104 [2021]; People v Reyes, 64 Misc 3d 127[A], 2022 NY Slip
Op 50443[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Consequently, a
motion brought pursuant to CPLR 5015 (a) (1) is a proper way to obtain relief from such
a default judgment (see Keis v
Margiotta, 174 AD3d 697 [2019]; Reyes, 2022 NY Slip Op 50443[U]).
On a motion brought pursuant to CPLR 5015 (a), a defendant must demonstrate a
reasonable excuse for the default and a meritorious defense (see Eugene Di Lorenzo,
Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, we find that
defendant demonstrated both a reasonable excuse for the defaults and a meritorious
defense in support of her motion and, consequently, the court properly granted the
branches of defendant's motion seeking to vacate the three default judgments and to set
the matters down for a discovery compliance conference. 
Accordingly, the order, insofar as appealed from, is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 17, 2022